JOHN JACOBS, Appellant, v. ST. PAUL FIRE & MARINE INSURANCE COMPANY, Appellee.

1. **Fire Insurance**: RE-FORMATION OF POLICY: LOSS: LIMITATION OF ACTIONS. Where an action to recover upon a fire insurance policy failed because of the discovery upon the trial that the property described therein was not the property intended to be insured, and for the loss of which recovery was sought, and thereupon the plaintiff commenced an action in equity for the re-formation of the policy so as to make the same apply to the property intended to be insured, and, having obtained a decree, brought another action to recover for the loss under the policy, which action was commenced more than a year after the loss occurred, but within six months after the former action was determined, *held*, that for the purpose of avoiding a provision in the policy limiting the time for the commencement of action thereon to one year from the date of loss, the second suit to recover for the loss should be deemed a continuation of the first, in accordance with the provisions of section 2537 of the Code.

2. ———: PROOFS OF LOSS: WAIVER. The insufficiency of proofs of loss will be deemed waived where, with the assent of the insurer, the question of the amount of the loss sustained by the insured has been submitted to arbitrators, and the arbitration conducted to a conclusion.

3. ———: TITLE TO PROPERTY: REPRESENTATIONS: KNOWLEDGE OF AGENT: ESTOPPEL. Where a soliciting agent for an insurance company forwards an application for insurance, and is to receive the policy for delivery, but before its receipt by the agent the applicant, upon further information, notifies the agent of facts which might defeat the policy, and relies upon the representations of the agent that such facts do not change the legal effect of his application, the construction of the agent will be *held* to be that of the company, and will estop the company from setting up such facts in defense to an action on the policy.

*Appeal from Louisa District Court.*—HON. DAVID RYAN, Judge.

FRIDAY, OCTOBER 7, 1892.

ACTION on a policy of insurance. There was a judgment for the defendant, and the plaintiff appeals. *Reversed.*

*Newman & Blake* and *L. A. Riley*, for appellant.

*Gray & Tucker* and *D. N. Sprague*, for appellee.

GRANGER, J.—The policy in suit issued from the defendant company to the plaintiff on the fourth day of May, 1887, and was against loss by fire on a certain frame building. The building was destroyed by fire on the third day of October, 1887, and this action is to recover for the loss. Several questions are presented by the record.

I. The policy described the building as being situated on the northwest quarter of section twenty-five, township seventy-four, range five. The policy was written or filled out by J. E. Utt, who was the soliciting agent for the defendant company, and who solicited the insurance in question. By a mutual mistake, the township was numbered in the policy "seventy-four," instead of "seventy-five," as it should have been. On the fourth day of September, 1888, the plaintiff

1. FIRE insurance: re-formation of policy: loss: limitation of actions.

brought an action on the policy with the erroneous
description it contained. Issue was taken on the aver-
ments to the petition. The cause came on for trial
January 18, 1889. Later an amendment was made to
the petition, and on the trial the erroneous description
was discovered. The plaintiff then, by leave of court,
filed a substituted petition in equity, asking a re-for-
mation of the application and policy to conform to
the intention of the parties. On the thirty-first day of
March, a decree was entered re-forming the contract as
prayed in the petition. On the twenty-fifth day of
April, 1889, the original notice in this suit was delivered
for service, and served on the eighteenth day of Sep-
tember thereafter. The petition in this case was filed
on the twenty-ninth day of April, 1889, as an equitable
action, based upon the policy of insurance as re-formed,
and recites as reasons for the delay in prosecuting the
action the facts as to the mistake in the policy, and the
proceeding to re-form it. As has been said, the loss
occurred on the third day of October, 1887. The first
suit on the policy, resulting in an action for its re-for-
mation, was commenced in September, 1888, and
determined on the thirty-first day of March, 1889.

It is said that this action is barred, because of a
provision of the policy that no suit or action thereon
shall be maintained against the company, unless com-
menced within one year from the date of the loss.
There was an action on the policy commenced within
the year. In consequence of a mistake in the policy,
discovered during the pendency of that suit, the char-
acter of the action was changed, and a re-formation of
the contract was sought and obtained. The following
is section 2537 of the Code: "If, after the commence-
ment of an action, the plaintiff fail therein for any
cause, except negligence in its prosecution, and a new
suit be brought within six months thereafter, the sec-
ond suit shall, for the purposes herein contemplated,

be deemed a continuation of the first.'' The discovery of the mistake and the change in the character of the action caused a failure to obtain judgment in the suit on the policy. We think the provision of the policy and the section of the statute must be construed together. Thus construed, there is little room for doubt that, unless there was negligence in the prosecution of the first suit, this one is not barred.

It is claimed by the appellee that there was no necessity for a change of the first action from one at law to one in equity; that full relief could be obtained in the law action, and a reference is made to the case of *Eggleston v. The Council Bluffs Insurance Co.*, 65 Iowa, 308. The cases are quite different in the essential particular to be considered when viewed carefully. It will be noticed in this case, that there is an absolute misdescription of the insured property, and that to recover a state of facts must be shown absolutely at variance with the statements of the policy—a different tract of land. In the Eggleston case, the description, as far as it goes, is accurate. It is of one of two lots in the town of Floris; one being in the original plat, and the other in an addition to the town. It is there held that the original plat and the addition thereto are parts of the town; that the description is merely uncertain, which uncertainty or ambiguity is latent, and can be explained by parol in an ordinary action. It was not a case of re-forming or changing a contract, as was necessary in order to recover on the policy in suit. See same case at page 311, and authorities cited. Clearly, then, it cannot be said that there was negligence in the prosecution of the first suit. The plaintiff failed therein because of the mistake in the policy. If it should be said that in the law action the issue of the mistake could have been presented and determined, which we do not decide, we cannot say that it was negligence for the plaintiff to select the equitable method of procedure,

instead of determining it under an issue in a law action. We think, under the facts, that this case should be considered as a continuation of the former suit, and that it is not barred.

We are referred to some cases in which no previous suit had been commenced, and facts were pleaded in excuse for a failure to commence within the limitation period, wherein the court held that the statute does not extend the time for the purpose of bringing into existence the facts without which a suit cannot be maintained. The cases cited are different from this, as one of them will illustrate,—*District Township of Spencer v. District Township of Riverton*, 62 Iowa, 30. It was an action to recover money from the defendant district. A demand for payment was a condition precedent to a recovery. It was a condition precedent to the right of action, and entirely within the control of the plaintiff. A suit was commenced without a demand, which was abandoned, and a demand made after the bar of the statute had run. It was held, in effect, to be a case of negligence in the prosecution of the first suit. The rule of the cases cited is, in effect, that a party cannot neglect to do that which he must do before commencing suit, and thereby suspend the operation of the statute. The law, however, does contemplate that in cases where suit is brought the plaintiff may fail therein without negligence, and then another suit shall be deemed a continuation of the first; and this, we think, is such a case.

II. After the loss there was such a notice to defendant company that it agreed, in writing, with the plaintiff to submit the question of the amount of the loss to two arbitrators under a condition in the policy, and such submission was made, and an award returned, fixing the amount of the loss at four hundred and fifty-one dollars and thirty-six cents. The proofs of loss required by the policy were defective in

2. ——: proofs of loss: waiver.

some particulars, and it may be said they were, under
the requirements of the policy and the law, insufficient;
but it is said by the appellant that they were waived by
the acts of the defendant in demanding an arbitration,
which was assented to and conducted to a conclusion.
We think the claim of a waiver must be sustained.
The terms of the submission were that the arbitration
should be to ascertain the amount of the loss. It would
certainly be unjust to permit the company, with the
notice and statement furnished it, to ask for an arbi-
tration to learn the amount to be paid, which investi-
gation extended beyond the limitation for making the
required proof, and then avoid liability because of
defects in the proofs or notice, known before the arbi-
tration took place. See, as bearing on this point, *Graves
v. Merchants' & Bankers' Insurance Co.*, 82 Iowa, 637. It
is also urged that no waiver has been properly pleaded.
A waiver is pleaded in the reply, and properly so.
The defense of a want of notice and proof of loss
is made in the answer. It is the office of a reply to
show facts in avoidance thereof. Code, section 2665.

III.   The insured property was situated on a fifty
acre tract of land, which, with other land, had been

3. ——: title to
property:
representa-
tions: knowl-
edge of agent:
estoppel.

mortgaged to one Kaufman. The mort-
gage had been foreclosed, the land sold,
and the application for insurance was
made during the period for redemption.

It is now urged that the policy is void for the reason
that there was a misrepresentation as to the incum-
brance, the plaintiff having represented that he had
redeemed the fifty acres from the sale, when in truth
he had not. The application for the insurance was
made about April 30, 1887. On the twenty-eighth of
March, the plaintiff made application to the clerk of
the court to redeem the fifty acres from the sale, and
deposited with the clerk for that purpose five hundred
dollars, taking his receipt therefor. The plaintiff, at

the time of making the application for insurance, had
the receipt with him, and showed it to the agent. It
seems that the amount was insufficient to redeem, but
the additional amount was afterwards, in October, 1887,
paid and full redemption made. On the seventh day of
May, 1887, the plaintiff received from the clerk of the
court a letter, stating that the judgment creditor, Mr.
Kaufman, refused to accept the money until it was all,
or some specific part thereof, redeemed. The letter
states that the tract sold for five hundred dollars, and
that the interest is twenty seven dollars and ten cents,
and concludes as follows: "If you would send me
twenty seven dollars and ten cents that would be a
redemption of the tract above described, and they
would have to accept that. At any rate, that would
stop interest on five hundred and twenty seven dollars
and ten cents." The application was sent by the agent,
Utt, to the company, and the policy there made out
and returned to Utt for delivery to the plaintiff. This
letter was received before the policy was returned to
Utt for delivery, and was at once taken by the plaintiff
to Utt and read by him. The plaintiff, in his testi-
mony, then says: "I told him if that would have any-
thing to do with the insurance, I wanted to know it;
and he said he did not think it would. * * * He
said he did not think it would make any difference.
He figured up the interest, and said he couldn't make
it that much."

Whatever may have been the knowledge of Utt as
to the particular facts before he sent forward the applica-
tion, he knew, after reading this letter, of the true sit-
uation as to the redemption, and was by the plaintiff
pressed to the point of informing him if the facts, as
known, would affect his insurance. He had not yet
ceased to act for the company in the matter of this
application, for he was yet to receive and deliver the
policy. It is true that Utt had no authority to waive

the condition of the policy as to title; and this, to our minds, is not a question of waiver, but it was a mutual understanding of the parties from known facts that the title answered the requirements of the policy.   We think that where a soliciting agent forwards an application for insurance, and is to receive the policy for delivery, and before its receipt the applicant, upon further information, notifies the agent of facts which might defeat his policy, and in good faith relies upon statements of the agent that the facts do not change the legal effect of his application, the construction of the agent is that of the company.   Such a rule, in this case, effectuates justice.   If there was a trifling defect in the title, it was without prejudice to the company. Of course, we do not relax the rule as to stipulations in policies as to title, but only say that where, upon known facts, the parties contract upon the assumption that the title is good, the assumption should obtain in fulfillment of the obligations.   The evidence convinces us that the plaintiff, when he applied for the insurance, gave to the agent the facts as he then understood them; and from such facts he and the agent understood that the title was sufficient.   Afterwards, and before the policy was received, other facts were known to both, and the title was believed to be good.   The facts, as thus understood, should prevail.

IV.   The action is brought to recover six hundred dollars as the value of the property destroyed.   The answer presents a claim that the amount, if any, must be limited by the finding of the arbitrators, which was four hundred and fifty-one dollars and thirty-six cents. The reply conceded that the recovery should be thus limited, and the conceded rule will obtain in this case.

There are no other questions presented that could change the legal effect of the conclusions we have announced, and a judgment should be entered for the amount found by the arbitrators.   REVERSED.