JOHN McIlrath v. Farmers Mutual Hail Insurance Association of Iowa, Appellant.

**Hail Insurance:** ARBITRATION: *Evidence on loss.* Where, in a contract of insurance, there is no provision that in an action on the policy evidence as to the amount of loss shall be limited to the finding which shall be made thereon by appraisers, and, on a loss, there is no offer of the insurer to submit the loss to arbitration, evidence as to the amount of loss is properly received in an action on policy.

*Same.* In an action on a policy insuring growing crops against damage from hail, the loss in bushels, valued according to the market value, less the cost of maturing, harvesting and getting to market, may be shown as indicating the amount of loss, where no evidence of additional elements of damage is introduced.

EVIDENCE: *Competency of Expert.* In an action on a policy insuring growing crops against damage from hail, the policy providing that the injury was to be determined by the average of the same kinds of crops grown in the immediate neighborhood, it was error to permit a witness to testify as to the average

yield per acre of similar lands in the neighborhood in crops of the same kind, it appearing that he had no knowledge as to the average amount of grain raised in the neighborhood that year, save as he had been told by farmers.

Measure of damages. In an action on a policy insuring growing crops against damage by hail, an instruction that the reasonable value of the wheat and oats destroyed would be the market value thereof, less the expense of threshing and marketing the same, and that, as to corn, its value would be the price for which it could have been sold on the premises in the ordinary course of business, less the reasonable and necessary expense of husking and cribbing, was erroneous, inasmuch as more would have been necessary than threshing and markting in order to prepare the growing crops for market.

Charge- and proof. In an action on a policy insuring growing crops against damage from hail, the court instructed that the reasonable value of the wheat and oats destroyed would be the market value thereof, less the reasonable and necessary expense of threshing and marketing the same, and that, as to corn, its value would be the price for which it could have been sold on the premises, in the ordinary course of business, less the reasonable and necesary expense of cribbing and husking. Held, that, as there has been no evidence as to expense of harvesting and hauling from the field, nor as to the cost of hauling the threshed grain to the nearest market, the intsruction was erroneous.

Proof of Loss: Not objected to. Where, in an action on a policy insuring growing crops against damage by hail, the insurer complained of the insufficiency of the proof of loss, submitted to the company with reference to the amount of corn saved out of the damaged corn crop, the objection was of no avail, the company not having objected to the sufficiency of the proof; and the deficiency would not preclude proof of damage to the corn crop, provided there was such proof as to entitle the plaintiff to any recovery under the policy.

*Appeal from Wright District Court.*—Hon. S. M. Weaver, Judge.

Saturday, May 25, 1901.

Action to recover under an insurance policy for damage to plaintiff's crops caused by a hail storm. Verdict for plaintiff. From judgment thereon, defendant appeals.— *Reversed.*

*Thos. A. Cheshire* for appellant.

*Ladd & Rogers* for appellee.

McClain, J.—This action involves a claim for loss due to the same storm as that referred to in an action against this same defendant, which has already been before this court. *Barry v. Association,* 110 Iowa, 433, and *Barry v. Association,* 114 Iowa, 186. No new questions of any importance are presented, and the case may be briefly disposed of. Appellant contends that no evidence of the amount of loss was admissible, because the by-laws of the company provide that, in case of disagreement as to the amount of the loss, it shall be settled by arbitration, the result of which shall be binding upon both parties. But the policy does not provide that arbitration shall be a condition precedent to recovery, and, where there is no provision having that effect, we have held that an ordinary stipulation for arbitration must be taken advantage of by an offer to arbitrate; otherwise, failure to arbitrate will not defeat an action. *Read v. Insurance Co.,* 103 Iowa, 307. There is nothing in the contract in this case limiting the evidence as to the amount of loss to the findings which shall be made by appraisers, nor is it contended that there was any offer by defendant to submit the loss to arbitration. Therefore evidence as to the amount of loss was properly received.

Complaint is made of the refusal of the court to strike out the evidence of a witness as to the average yield per acre of similar land in the neighborhood in crops of the same kind, on the ground that the witness did not show himself qualified to testify on the subject. He professed to be able to testify as to average crops in the neighborhood, but said that he had no knowledge as to the average amount of grain reaised by any of the neighboring farmers whose crops were not injured, save what they told

him. Inasmuch as the injury, under the terms of the contract, was to be determined by the average of the same kind of crops grown in the immediate neighborhood for that season, we think the court should have sustained the motion. So far as it appears from the witness' testimony, his knowledge of the average crops was not as to that particular year. With reference to that year his information seems to have been entirely from hearsay. Perhaps this error was without prejudice, but the court should have required a more specific showing of qualification on the part of the witness.

In the case of *Barry v. Association,* 110 Iowa, 433, above referred to, it was held error to give to plaintiff the full market value for that part of the crop which was lost, without deduction for the expenses of preparing it for market. In the case which we now have before us the court instructed the jury that the fair and reasonable value of the wheat and oats which were lost would be the market value thereof, less the reasonable and necessary expense of threshing and marketing the same, and that, as to the corn, its value would be the price for which it could have been sold upon the premises in the ordinary course of business, less the reasonable and necessary expense of husking and cribbing. It must be borne in mind that the loss resulted from injury to the growing crop, and that something more would have been necessary than thrashing and marketing to prepare the growing crop for market, if it had not been damaged. Possibly, the cost of cutting in case of the damaged crop of small grain might be the same per acre as though it had not been damaged, but certainly the expense of hauling would have been less. This element of expense of preparing for market in the case of the wheat and oats was not taken into consideration by the court in this instruction. Moreover, there was no evidence of expense of harvesting and hauling from the field, nor was there any evidence of the cost of hauling the threshed grain to the nearest

market. Therefore, even under the instruction of the court, which was in itself erroneous in this respect, there was lacking proof of matter which was essential to enable the jury to apply the instruction to the facts, so as to reach a conclusion. We do ont wish to be understood as holding that the only method of ascertaining the amount of loss would be by finding how many more bushels of grain would probably have been secured from the crop if there had been no damage by hail, and what the value of such grain would have been, as shown by the market value, less the expense of maturing the immature crop, and getting it to market. It may well be that other loss than a certain number of bushels of grain has resulted. In case of wheat or oats the loss of straw might also be material, and in case of corn the loss of fodder, and if there was competent evidence of the difference of the value of the crop standing in the field after the damage and the value of like immature crops on similar land in the neighborhood, that difference might, no doubt, be taken as the measure of damages; but the loss in bushels, valued according to the market value, less the cost of maturing, harvesting, and getting to market, may, no doubt, be shown, as indicating the amount of loss, where no evidence of additional elements of damage is introduced.

Complaint is made of the insufficiency of the proof of loss submitted to the company with reference to the quantity of corn which plaintiff saved out of the damaged corn crop, but the company did not object to the sufficiency of the proof in this respect, and such deficiency would not preclude proof of damage to the corn crop, provided there was such proof as to entitle the plaintiff to any recovery whatever under the policy. Other assignments of error have been fully considered, but we find that the objections therein urged were not well taken. For the errors pointed out, the case must be REVERSED.