JOHN GLANDON, Appellant, v. FARMERS MUTUAL HAIL INSURANCE ASSOCIATION OF IOWA, Appellee.

MARCH 12, 1929.

*Thomas J. Bray,* for appellant.

*Hal W. Byers* and *Devitt & Eichhorn,* for appellee.

STEVENS, J.—Appellee, a mutual hail insurance association organized and doing business under the laws of this state, on May 23, 1927, issued a policy to appellant upon all crops to be grown on the premises therein described. The recovery sought in this case is for partial loss to corn and oat crops which appellant alleges were injured by hail July 18, 1927. No formal proofs of loss were made by appellant. He alleged in his petition full performance of all the terms and conditions of the policy. Upon failure of proof that formal proofs of loss were made and filed with the company, a motion was made by appellee for a directed verdict. Before making this motion, however, appellee amended its answer, setting up as a defense the failure of appellant to make

proofs of loss. To this answer appellant replied that the statutory requirement, if any, was waived by appellee by the terms, provisions, and conditions of the contract. The reply, which included other allegations in avoidance of appellant's failure to make proofs of loss, was, on motion of appellee, stricken by the court. Thereupon, a motion for a directed verdict was sustained, and judgment entered against appellant for costs.

Neither the policy nor the by-laws contained any provision requiring the insured to make proofs of loss. Notice of the loss was given within ten days, as required by the contract and by Section 9047 of the Code of 1927. A representative of the association responded to the notice, and an effort was made to adjust the loss. An agreement appears to have been reached as to the loss to the oats crop, but a disagreement resulted as to the extent of the damages to the corn. The by-laws of the association, which were attached to and made a part of the policy, contained the following provisions:

"Section 7. Whenever any member shall sustain a loss he shall within 10 days proceed to notify the secretary in person or by registered letter. This association will not be liable for any loss not reported within 10 days as provided by statute. On receipt of such notice, the secretary shall send a person duly authorized by this association who shall proceed to adjust the loss. All adjustments to be made subject to the approval of the board of directors and in case of disagreement either as to whether there is any loss at all or as to the amount of the loss it may, by mutual consent, be settled by arbitration as follows: The association shall choose one arbitrator and the assured one and the two thus chosen shall select a third and an award signed by all the arbitrators shall be final and binding upon both parties. The cost of the arbitration shall be borne equally by the association and the assured. The loss in no case shall be payable until thirty days after the award of the arbitrators herein required shall have been rendered.

"Section 8. When there is only partial loss, the assured shall proceed to care for the remaining portion to the best of his ability and should he neglect or refuse to do so, the association shall not be liable for the loss caused by such neglect. And in case the assured and the adjustor cannot agree, then when such damaged crops shall be harvested, a true account of the amount

of grain, hay and seed grown upon the land covered by insurance in this association shall be kept and delivered to the association at its office in Des Moines on or before the 15th day of December of the same year, subscribed and sworn to by two disinterested witnesses.''

It will be observed from the foregoing excerpts from the bylaws that full and ample provision is therein made for the protection of the association. These requirements, as we understand the record, were fully complied with. Compliance therewith met every reasonable requirement of formal proofs. Notice in writing was, as stated, given. The representative of the association had as full opportunity to ascertain such facts as to the damages as was possible at that time, and all that proofs of loss could have supplied. The cause of the loss was a hailstorm, and nothing else. If absolute compliance with Sections 9045 and 9048 of the Code is a condition precedent to any right of appellant's to maintain this action, then he must fail. There is no doubt but that the association could waive the furnishing of formal proofs of loss after the damage to the crops occurred. There is no reason why the same requirement may not be waived in the contract. The statute requiring proofs at all is for the benefit of the insurer. It seems to us that the requirements made by the by-laws of the association were intended by it to take the place of formal proofs. There was, therefore, we think, a waiver by the association of the statutory requirements of proofs of loss. *Kinney v. Farmers' Mut. & I. Soc.*, 159 Iowa 490.

It is, however, contended by appellee that full performance of the terms and conditions of the contract is a condition precedent to a right of recovery.

The petition in this case, as already stated, alleged full compliance with the requirements of the contract. The petition in this form was not demurrable. If the statutory requirements as to proof of loss were waived, then proof of compliance with the terms and provisions thereof was all that was essential to a recovery. The reply of appellant to the amendment to the answer was responsive to the issue therein tendered. Compliance with the terms of the policy was all that was required of the appellant, and he need not allege more. The plea of waiver in reply to the amendment to the answer was explanatory in character, and was in-

tended to excuse the alleged failure of appellant to set the same out in the petition. The claim of waiver was not based upon acts or conduct of the association occurring after the loss of something existing in the contract. The plea, we think, was proper. *Jacobs v. St. Paul F. & M. Ins. Co.*, 86 Iowa 145.

It follows that the motion to strike the reply and the motion for a directed verdict should have been overruled.—*Reversed.*

ALBERT, C. J., and EVANS, DE GRAFF, MORLING, and KINDIG, JJ., concur.