JOHN GLANDON, Appellee, v. FARMERS MUTUAL HAIL INSURANCE ASSOCIATION OF IOWA, Appellant.

No. 40508.

NOVEMBER 11, 1930.

*Hal W. Byers* and *Devitt, Eichhorn & Devitt,* for appellant.

*T. J. Bray,* for appellee.

ALBERT, J.:—This is the second appeal of this case, the opinion in the first appeal appearing in 207 Iowa 1068, where the facts are sufficiently stated. On the retrial, among other instructions, the court gave one reading as follows:

"Exhibit A, introduced in evidence, is the policy of insurance issued by the defendant to the plaintiff. And by the terms of said policy, if the plaintiff's corn crop had been totally  destroyed by hail, he would have been entitled to recover per acre the sum determined by dividing $1,500 by the number of acres of corn covered by said insurance. If there was a partial loss of his corn crop due to injury by hail, then he would be entitled to recover that portion per acre which the per cent of damage per acre would bear to the amount of insurance per acre. (That is to illustrate, if you find from the evidence, by a preponderance thereof, that the number of acres of corn were 100, then the insurance per acre would be $15. And if you further find by a preponderance of the evidence that the injury to the corn was 33⅓ per cent, then the plaintiff would be entitled to recover $5.00 per acre upon his corn crop.) [Parentheses inserted by writer, for convenience.] The court has given you these figures as an illustration as to how you are to arrive at the amount of recovery, but does not, nor does the court intend to, intimate what the evidence shows as to the per cent of damage to the corn. That you must determine for yourselves. And the same rule that the court has given you in determining the damage to the corn should be used by you in determining the damages to the oats crop."

A virulent assault is made on this instruction, claiming that the instruction "fixed an improper method of computation for the oats,—a method which was in direct conflict with the provisions of the policy and the by-laws, and that the jury followed this erroneous method of computation and reached an erroneous and excessive verdict, by placing the damage per acre of the oats crop on the same basis as that for the corn crop."

It is well settled that the method of computing the loss must be the method marked out in the policy, and the court should so instruct. *Limburg v. German Fire Ins. Co.,* 90 Iowa 709; *Hart v. National Masonic Acc. Assn.,* 105 Iowa 717, 725; *McIlrath v.*

*Farmers Mut. Hail Ins. Assn.*, 114 Iowa 244; *Farmers Merc. Co. v. Farmers Ins. Co.*, 161 Iowa 5.

As we understand the appellant, it makes no complaint as to the first paragraph of the instruction, which lays down the rule for computing the loss on the corn crop. Of course, the method of computing the loss on the oats crop, under the terms of this policy, should be identically the same as for computing the loss on the corn crop, and that is exactly what the last paragraph of the instruction in terms directs; and we have no doubt that this complaint lodged against the instruction would not have been made, had the court omitted from the instruction the illustration covered by the part of the instruction which we have enclosed in parentheses.

Appellant insists that, by reason of that part of the instruction, the jury was warranted in computing the loss on the oats on a $15 an acre basis. The award of the jury was $1,270. There seems to be little dispute as to the number of acres of corn or the number of acres of oats damaged by this hailstorm. Witnesses vary widely, however, in their estimates as to the percentage of loss on each of these two crops. Appellant seeks to support its attack on the aforesaid instruction by taking the amount of the verdict of the jury, and by a method of calculation, demonstrating that the jury was misled by this instruction. We do not care to follow the method of calculation made by the attorneys on either side; but, after a careful review of the record, we cannot say what the basis was, on which the jury figured these damages. The evidence was in sharp conflict as to the percentage of loss on both the corn and the oats, and there is evidence which warranted the jury in reaching the verdict which it did. This instruction might have elaborated the method of computing the loss on the oats crop, as it did the loss on the corn crop; yet the court gave an accurate instruction for computing the loss on the oats crop, where it said, "and the same rule that the court has given you in determining the damage to the corn should be used by you in determining the damage to the oats crop."

We do not think the jury was misled by this instruction, or would be warranted, under it, in allowing a damage on the oats crop on the basis of $15 an acre, as suggested by the appellant.

The petition of the plaintiff, among other things, alleges: "Plaintiff has fully performed all of the conditions and provi-

sions of said policy to be performed by him." No proof of loss  was furnished, as provided by Section 9045, Code, 1927, which requires that the proof of loss is a condition precedent to the institution of a suit upon an insurance policy. Appellant, therefore, insists that the plaintiff was not entitled to recover herein.

The contention now made is not available to the appellant. In the opinion filed on the former appeal in this case, the sum total of the holding is that, under the contract between the plaintiff and the defendant, compliance with the aforesaid Section 9045 was waived, and the proof of loss required by said section was not required, in order to maintain this action; therefore the above quotation from the plaintiff's petition was an accurate statement of his cause of action, and he did not need, in order to maintain this action, to allege or prove that he furnished proof of loss to the company, as required by the aforesaid section of the Code. It having been determined on the former appeal that no proofs of loss were necessary, because, under the terms of the policy, they were waived, and the policy having been set out in plaintiff's petition, he was not required to plead and prove waiver in specific terms, as a part of his cause of action. In this cause a reply was filed, and in relation to this plea of waiver we said, in the former opinion, that it was explanatory in character, and was intended to excuse the failure of the appellant to set out the same in his petition. We there said:

"The claim of waiver was not based upon acts or conduct of the association occurring after the loss of something existing in the contract. The plea, we think, was proper."

It will be noted that the thought underlying this expression is that what was set out in this reply was merely explanatory, and while it was proper, it was ineffective for any purpose other than as explanatory, because of the fact of the square holding in the opinion that the provisions of the contract between the plaintiff and the defendant waived the filing of proof of loss, and therefore plaintiff, by setting out said contract, in effect pleaded waiver in his petition.

One other question is urged by appellant that deserves attention. In Instruction No. 6, the jury was advised that, when it had determined the question of plaintiff's damages, it should

 allow him 6 per cent interest thereon from the 20th day of January, 1928. It is insisted that, in this kind of a case, there is no authority in law warranting this instruction. We have consistently held in tort cases that, where the damages are unliquidated, interest may be allowed whenever it appears that a damage was complete at a particular time. In the case of *Olson v. Shuler*, 203 Iowa 518, we applied this same rule to an action on a contract. It seems to be the uniform holding in cases of this character that interest is recoverable. See cases cited in 33 Corpus Juris 147, Note 49.

Appellant relies for his contention on *Hart v. National Masonic Acc. Assn.*, 105 Iowa 717. This question was not squarely raised in that case. The jury allowed interest, and the opinion holds that it was erroneous because there was no direction in the instruction of the court to allow anything for interest.

We have given attention to all of the substantial and material errors charged by the plaintiff, and find no error in the record.—*Affirmed.*

MORLING, C. J., and STEVENS, FAVILLE, and DE GRAFF, JJ., concur.