## H. L. WILLIFORD v. SOUTHERN FIRE INSURANCE COMPANY.

(Filed 4 June, 1958.)

**1. Insurance § 13e—**

Where a policy of insurance sets forth the manner of computing loss covered thereby, such procedure must be followed in computing the loss.

**2. Insurance § 52—**

Where a policy of crop-hail insurance provides that the amount recoverable should not exceed a stipulated sum per acre without regard to the value of the crop, the procedure provided in the policy for figuring loss thereunder must be followed, and an instruction charging that the measure of damages would be the difference between the market value of the crop immediately before and immediately after damage by the risk covered, must be held for error.

**3. Appeal and Error § 51—**

The fact that plaintiff's evidence relates to an inapplicable theory of liability does not justify nonsuit, since plaintiff is entitled to have an opportunity to produce, if he can, evidence establishing liability upon the correct theory.

APPEAL by defendant from *Hall, J.,* October Term 1957 of DURHAM.

This is a civil action instituted by the plaintiff against the defendant Southern Fire Insurance Company to recover under the provisions of an annual percentage crop-hail insurance policy, No. H 24523,

issued by the defendant to the plaintiff, for damages allegedly caused by hail and wind on 11 August 1955, in a storm which was designated by the United States Weather Bureau as Hurricane Connie.

The policy of insurance was in full force at the time the alleged damage was sustained and covered 8.5 acres of tobacco. The crop was insured in the sum of $300.00 per acre or a total of $2,550.00.

The plaintiff alleges that on 11 August 1955, at approximately 10:00 p.m., the 8.5 acres of plaintiff's tobacco covered by the aforesaid policy of hail insurance were badly damaged by hail and concomitant wind. That as a result thereof the plaintiff's tobacco crop on the said 8.5 acres suffered a loss of approximately 33-1/3 to 50 per cent of the value of said tobacco. That the hail alone damaged the plaintiff's tobacco to a greater extent than 5 per cent which is the minimum requirement for a covered loss under the terms and provisions of the policy.

The jury answered the issues submitted as follows:

"Was the plaintiff's tobacco on the 8½ acres covered by the terms of Sourthern Fire Insurance Policy No. 24523 damaged to the extent of 5% or more by hail only?

"Answer: YES.

"What amount, if any, is the plaintiff entitled to recover of the defendant?

"Answer: $769.50 with interest from October 19, 1955."

The defendant appeals, assigning error.

*Bryant, Lipton, Strayhorn & Bryant for plaintiff, appellee.*
*Joyner & Howison for defendant, appellant.*

DENNY, J. The following provisions contained in the insurance policy under consideration must be considered in the disposition of this appeal:

1. "Determination of Loss. Unless otherwise provided, the amount payable hereunder shall not exceed the same percentage of the insurance applying per acre at date of loss as the ascertained percentage of insured loss per acre at such date, but not exceeding the actual loss sustained by the insured.

2. "Special Conditions (Additional perils.) On any insured acre of tobacco, this insurance covers loss by * * * wind when such wind is simultaneously accompanied by hail in an amount sufficient to damage the tobacco to the extend of 5% or more by hail only.

3. "Loss adjustment: tobacco. In determining any insured loss on tobacco, insurance shall apply only to marketable, commercial leaves. The individual leaf shall be the unit of measurement of loss. If adjustment is made before the tobacco is topped, such adjustment shall be

based on an average leaf production for mature plants of not less than 20 leaves. * * * Forty punctures, each puncture approximately ¾ square inch in area or the equivalent thereof shall constitute the total destruction of one leaf. If a leaf is severed at or near the stalk by a peril insured against, such leaf is totally destroyed. If a fractional part of one leaf is destroyed by either punctures or breakage the loss shall be in proportion. If loss occurs after harvesting has begun, the insured shall leave untouched in every damaged field not less than 30 consecutive plants for each acre, said plants not to be left on terrace row, outside row, or the ends of a row."

In the determination of any loss under the provisions of the policy of insurance involved in this appeal, it must first be determined what percentage or amount of the original coverage was in effect at the time the loss occurred. There is no dispute in respect to this provision. It is conceded that one-fifth, or 20 per cent, of the crop of tobacco grown on the 8.5 acres of tobacco covered by the policy had been harvested on the date of the alleged loss. Therefore, only 80 per cent of the original coverage of $300.00 per acre was in effect on the date of the alleged loss, to wit $240.00.

In 45 C.J.S., Insurance, section 979, page 1168, it is said: "In the absence of statute, the method of computing the loss under a policy of hail insurance, and the extent of insurer's liability therefor, is governed by the provisions of the policy. If the policy is an open one, the extent of liability is measured by the actual amount of damages sustained; but, if the policy is valued, as where it fixes the value of the crop per acre and provides for payment of the loss on the basis thereof, insured may recover on that basis, regardless of the actual value of the crop destroyed; and in this connection it is the uncertainty of amount which distinguishes the open from the valued policy."

The policy under consideration is what is known as a "valued policy." It fixes the amount recoverable not in excess of a certain amount per acre without regard to the value of the crop. The policy having fixed the amount of insurance recoverable, it deals with percentages of loss to the crop to be ascertained in the manner set out in the policy. There being no contention that the tobacco crop of the plaintiff was worth less than $240.00 per acre at the time of the alleged damage by hail and wind, the plaintiff would be entitled to recover that portion per acre which the ascertained percentage of the damage or loss per acre would bear to the amount of insurance in effect per acre. Or, to put it another way, if the jury should determine that the crop was damaged by hail to the extent of 5 per cent or more, and that the hail and wind accompanying the hail storm caused a loss of 33-1/3 per cent of the crop, the plaintiff would be entitled to recover one-third of

the $240.00, or $80.00 per acre, multiplied by the number of acres involved. *Glandon v. Farmers' Mutual Hail Ins. Ass'n. of Iowa,* 211 Iowa 60, 232 N.W. 804; *Lee v. National Liberty Ins. Co. of America* (Dist. Court, N.D. Texas), 35 F Supp. 898; *National Liberty Ins. Co. v. Herring Nat. Bank* (C.C.A. Texas), 135 S.W. 2d 219; *Twin City Fire Ins. Co. v. Grindstaff* (C.C.A. Texas), 152 S.W. 2d 845; *Insurance of North America v. Mathers* (C.C.A. Texas), 31 S.W. 2d 1095; Insurance Law and Practice, by Appleman, Volume 6, section 3888, page 246; Anno.—Hail Insurance—Construction, 4 A.L.R. 1300; 35 A.L.R. 268; 129 A.L.R. 1070.

The defendant assigns as error the refusal of the court below to sustain its motion for judgment as of nonsuit, interposed at the close of plaintiff's evidence and renewed at the close of all the evidence.

It will be observed that the jury was instructed to the effect that the measure of damages to be ascertained on the second issue "would be the difference between the market value of plaintiff's tobacco crop immediately before the damage by hail or by hail and winds simultaneously accompanied by hail, if you find that it was so damaged, and its value immediately thereafter."

The defendant excepts to and assigns as error that portion of the charge quoted above. The exception is well taken and must be sustained.

The amount recoverable under this policy, as we have heretofore pointed out, is not to be measured by the difference in the market value of the tobacco immediately before the alleged loss by hail and wind and its market value immediately thereafter; the amount recoverable, where the loss is less than total, is the percentage of loss per acre which such per cent bears to the amount of insurance per acre. *Glandon v. Farmers' Mutual Hail Insurance Ass'n. of Iowa, supra.*

It must be conceded that in computing loss under a policy of insurance, the manner of computing such loss, when set out in the policy, must be followed. *Andrews v. Insurance Co.,* 223 N.C. 583, 27 S.E. 2d 633; *Zibelin v. Insurance Co.,* 229 N.C. 567, 50 S.E. 2d 290; *Fidelity-Phenix Fire Ins. Co. v. Henry,* 248 Ky. 818, 60 S.W. 2d 111; *Glandon v. Farmers' Mutual Hail Insurance Ass'n. of Iowa, supra.*

In *Andrews v. Insurance Co., supra,* the court below charged the jury in effect that the measure of damages would be the difference in the reasonable market value of the airplane immediately before the fire and the reasonable market value thereof immediately thereafter. The defendant excepted to and assigned as error this instruction by the court and appealed. This Court sustained the assignment of error for the reason that the insurance policy upon which the action was bottomed prescribed the measure of recovery for loss of

the insured's aircraft. Likewise, the policy under consideration on this appeal prescribes the manner and method to be followed in ascertaining the percentage of loss.

In view of the theory upon which the case was tried below, it is apparent that much inadmissible evidence was admitted. That being so, the plaintiff in our opinion is entitled to have an opportunity to produce, if he can, evidence establishing the percentage of loss to his tobacco crop at the time of the alleged loss, to be ascertained in substantial conformity with the manner prescribed in the policy. Hence, the ruling of the court below on the motion for judgment as of nonsuit will be upheld. *Early v. Eley,* 243 N.C. 695, 91 S.E. 2d 919, and cited cases.

Since there must be a new trial, we deem it unnecessary to discuss the appellant's additional assignments of error as they may not recur on the next trial.

New Trial