UNIVERSAL LEAF TOBACCO CO., INC., D/B/A R. P. WATSON COMPANY AND THORPE-GREENVILLE EXPORT TOBACCO COMPANY, PLAINTIFFS v. ROBERT OLDHAM AND ELIZABETH OLDHAM; JOHN THOMAS WORTHINGTON AND ADDIE BEAMON WORTHINGTON; INDIVIDUALLY AND D/B/A LIBERTY WAREHOUSE; LLOYDS, NEW YORK, DEFENDANTS

No. 927SC1105

(Filed 1 February 1994)

**1. Pleadings § 19 (NCI4th) — insurance policy — clauses included in answer — error in clause — binding**

The trial court erred in an action between two insurance companies to determine which excess insurance clause applied by finding that an allegation in INA's counterclaim which re-

UNIVERSAL LEAF TOBACCO CO. v. OLDHAM

[113 N.C. App. 490 (1994)]

ferred to other "valued" insurance contained a typographical error and should have referred to other "valid" insurance. Allegations contained in the pleadings of the parties constitute judicial admissions which are binding on the pleader as well as the court and the court should not have considered affidavits to the extent that they were inconsistent with, or contradictory to, the allegations in INA's pleading.

Am Jur 2d, Pleading §§ 174 et seq.

2. **Evidence and Witnesses § 1993 (NCI4th)— pleading of insurance contract—affidavits as to intent of parties—not admissible—parol evidence rule**

The trial court should not have considered affidavits as proof that the intent of the parties to insurance contracts was other than that appearing on the face thereof in an action to determine which of two excess insurance clauses applied. The pleadings do not contain any allegation of fraud or mistake and the policy, as written, is not ambiguous. Use of the word "valued" rather than "valid" does not make the meaning of INA's clause uncertain because "valued" is a term of art which is used to describe a particular type of insurance policy.

Am Jur 2d, Evidence § 1066.

3. **Insurance § 123 (NCI4th)— two insurance policies—excess insurance clauses—construction**

Insurance coverage provided by Lloyds to protect tobacco from fire loss was rendered excess by coverage provided by INA where both policies contained excess insurance clauses; the INA clause referred to the existence of other valued insurance; a valued policy is one in which the value of the insured property is fixed in the policy by agreement of the parties; the amount of the Lloyds policy was not fixed but left open to be determined by the actual loss; the Lloyds policy was therefore not valued insurance and its existence did not shut off INA's liability; Lloyds' liability is shut off by the existence of specific insurance as defined in the Lloyds policy; and the INA policies fall within the definition of "specific insurance" in the Lloyds policy.

Am Jur 2d, Insurance § 1791.

[113 N.C. App. 490 (1994)]

**Resolution of conflicts, in non-automobile liability insurance policies, between excess or pro-rata "other insurance" clauses. 12 ALR4th 993.**

Appeal by defendant Lloyds, New York, from order entered 16 June 1992 by Judge Franklin R. Brown in Wilson County Superior Court. Heard in the Court of Appeals 5 October 1993.

*Yates, McLamb & Weyher, by Kirk G. Warner and Andrew A. Vanore, III, for plaintiff-appellee.*

*Young, Moore, Henderson & Alvis, P.A., by Walter E. Brock, Jr., and Ralph W. Meekins, for defendant-appellant.*

MARTIN, Judge.

Plaintiffs instituted this action to recover the value of tobacco owned by them which was destroyed by fire on 3 October 1986 while stored in the Liberty Warehouse in Wilson, North Carolina. At the time of the fire, Insurance Company of North America (hereinafter "INA") had in full force and effect policies of insurance issued to plaintiffs insuring tobacco owned by them against loss by fire. Defendant Lloyds, New York, (hereinafter "Lloyds") had in full force and effect a policy of insurance issued to Liberty Warehouse which insured tobacco stored in the warehouse against loss by fire. By stipulation, INA, being a real party in interest with respect to the claims between plaintiffs and Lloyds, agreed to be deemed a party plaintiff in the action and to be subject to any judgment rendered herein. Thus, this case is essentially a dispute between the two insurance companies, INA and Lloyds, over the amount of coverage provided by each for the loss of the tobacco.

Both insurers moved for summary judgment on the ground that the coverage provided by their respective policies is excess to the extent of the coverage provided by the other insurer. Based on the pleadings, stipulations and affidavits submitted by the parties, the trial court found facts and concluded that the policy issued by Lloyds provided primary coverage for the loss and that the coverage provided by INA was excess. Lloyds appealed. For the reasons set forth in this opinion, we reverse the judgment of the trial court and hold that INA's policies provide primary coverage and the coverage provided by Lloyds is excess.

**[1]** Lloyds first assigns error to the trial court's finding that the insurance policies issued by INA contained a typographical error. The policies issued by INA to Watson and Thorpe-Greenville provide in pertinent part:

> 7. It is expressly agreed that this insurance shall not cover to the extent of any other **valued** and collectible insurance, whether prior or subsequent hereto in date, and by whomsoever affected, directly or indirectly covering the same property, and this Assurer shall be liable for loss or damage only for the excess value beyond the amount collectible for such other insurance. (Emphasis added.)

The trial court found that the foregoing paragraph in the policies issued to Watson and Thorpe-Greenville contained a typographical error and that the word "**valued**" should actually have been "**valid**" so paragraph 7 should have read that the insurance provided by INA ". . . shall not cover to the extent of any other **valid** and collectible insurance[.]" Lloyds contends that this finding of fact is erroneous. We agree.

In its Answer to Lloyds' Counterclaim, INA alleged as an affirmative defense that:

> INA issued policy number 434973 to Universal Leaf, which policy was in effect on October 3, 1986 and provided as follows regarding other insurance:
>
> > 7. It is expressly agreed that this insurance shall not cover to the extent of any other **valued** and collectible insurance . . . .

It is well established in this jurisdiction that "[a] party is bound by his pleadings and, unless withdrawn, amended, or, otherwise altered, the allegations contained in all pleadings ordinarily are conclusive as against the pleader." *Davis v. Rigsby*, 261 N.C. 684, 686, 136 S.E.2d 33, 34 (1964). Allegations contained in the pleadings of the parties constitute judicial admissions which are binding on the pleader as well as the court. *Ballance v. Wentz*, 286 N.C. 294, 210 S.E.2d 390 (1974); *Crowder v. Jenkins*, 11 N.C. App. 57, 180 S.E.2d 482 (1971).

Despite the binding allegation contained in INA's Answer, the trial court considered certain affidavits submitted by INA for the purpose of proving that the parties to the insurance contracts intended the coverage therein to be excess where there was other

"**valid** and collectible" insurance. Each affiant stated that he was employed to procure or review insurance policies on behalf of Thorpe-Greenville and that it was the affiant's intent and belief that the policies at issue would not provide coverage to the extent of any other "**valid** and collectible insurance."

These affidavits contradicted the allegations of INA's Answer. However, INA's allegation that the coverage provided by its policies was excess to the extent of any other "**valued** and collectible" insurance constituted a judicial admission which INA could not thereafter contradict and which the trial court was bound to accept as true. Thus, we hold that the trial court erred by considering the affidavits to the extent that they were inconsistent with, or contradictory to, the allegation in INA's pleading.

**[2]** However, even if we assume that the trial court could properly consider evidence which contradicted INA's pleading, the court should not have considered the affidavits because they did not set forth facts which would have been admissible in evidence. ("Supporting and opposing affidavits . . . shall set forth such facts as would be admissible in evidence[.]" N.C. Gen. Stat. § 1A-1, Rule 56(e) ). INA offered the affidavits as proof that the intent of the parties to the insurance contracts was other than that appearing on the face thereof.

"[I]n the absence of fraud, or mistake or allegation thereof, parol testimony of prior or contemporaneous negotiations or conversations inconsistent with the writing, or which *tend to substitute a new and different contract* from the one evidenced by the writing, is incompetent." (Emphasis added.) *Town of West Jefferson v. Edwards*, 74 N.C. App. 377, 379, 329 S.E.2d 407, 409 (1985), *quoting Neal v. Marrone*, 239 N.C. 73, 79 S.E.2d 239 (1953). Where the contract is ambiguous, parol or extrinsic evidence is competent not to contradict the terms of the contract, but to make certain what the agreement was between the parties. *Id.*

In the present case, the affidavits submitted by INA constitute extrinsic evidence which contradicts the plain terms of the parties' contract. The pleadings do not contain any allegation of fraud or mistake and the policy, as written, is not ambiguous. Use of the word "valued" as opposed to the word "valid" does not make the meaning of INA's other insurance clause uncertain. As recognized by both parties, the word "valued" is a term of art in the insurance industry which is used to describe a particular type of insurance

UNIVERSAL LEAF TOBACCO CO. v. OLDHAM

[113 N.C. App. 490 (1994)]

policy. Thus, the affidavits submitted by INA constituted extrinsic evidence which, if offered at trial, would have been inadmissible, and, therefore, should not have been considered by the trial court. *Bank v. Gillespie*, 291 N.C. 303, 230 S.E.2d 375 (1976). Accordingly, for both of the above reasons, the trial court erred when it found that the INA policies were excess to the extent of any other "**valid** and collectible insurance." We hold that according to the terms of the INA policies, the coverage provided thereby was excess only to the extent of any other "**valued** and collectible insurance."

[3] Having determined the proper construction of the INA policies, we must now review the policies to determine which of the two insurers provides primary coverage for the destroyed tobacco, guided by the decision of our Supreme Court in *Insurance Co. v. Insurance Co.*, 269 N.C. 341, 152 S.E.2d 436 (1967). In *Insurance Co.*, the Court undertook to determine which of two automobile liability policies provided primary coverage for a single loss. Describing the principles which governed its inquiry, the Court said:

> The terms of another contract between different parties cannot affect the proper construction of the provisions of an insurance policy. The existence of the second contract, whether an insurance policy or otherwise, may or may not be an event which sets in operation or shuts off the liability of the insurance company under its own policy. Whether it does or does not have such effect, first requires the construction of the policy to determine what event will set in operation or shut off the company's liability and, second, requires a construction of the other contract, or policy, to determine whether it constitutes such an event.

*Id.* at 346, 152 S.E.2d at 440. Thus, we must examine the pertinent language of each policy, without reference to the provisions of the other policy, to determine what events set in operation or shut off the liability of the insurers under their respective policies.

Properly construed, the INA policies do "not cover to the extent of any other valued and collectible insurance[.]" Thus, the existence of valued and collectible insurance covering the same property is the event which sets in operation INA's excess clause. As an alternative basis for its ruling, the trial court found that the Lloyds policy is a "valued" policy. Lloyds assigns error to this finding and we must agree.

UNIVERSAL LEAF TOBACCO CO. v. OLDHAM

[113 N.C. App. 490 (1994)]

A "valued" policy is one where the value of the property insured is fixed in the policy by agreement of the parties and in the event of a total loss that valuation is conclusive. *Couch on Insurance* 2d (Rev. ed. 1983) § 54:104. However, an amount stated in the policy as the maximum amount of coverage provided does not make a policy a valued policy. *Id.* § 54:105. In contrast, an "open" or "unvalued" policy is one in which the value of the subject matter is not fixed, but left open to be determined according to the actual loss. *Id.; see Williford v. Insurance Co.*, 248 N.C. 549, 103 S.E.2d 804 (1958).

The Lloyds policy states that it insures the named insured "to the extent of the actual cash value of the property at the time of loss" not to exceed the amount stated therein. Thus, the amount of insurance provided by the Lloyds policy is not fixed, but is left open to be determined according to the actual loss. Where the liability of the insurer is measured by the actual amount of damages sustained, the policy is an open policy, not a valued policy. *Williford*, 248 N.C. 549, 103 S.E.2d 804; 46 C.J.S. *Insurance* § 1242. We hold that the Lloyds policy is not a valued policy and, therefore, its existence is not an event which shuts off INA's liability under the policies it issued to Watson and Thorpe-Greenville.

Next, we examine the terms of the Lloyds policy to determine whether the existence of the INA policies is an event which shuts off Lloyds' liability. The policy issued by Lloyds to Liberty Warehouse provides in pertinent part:

Contributing Insurance Clause—Permission granted for other insurance written upon the same plan, terms, conditions and provisions as those contained in this form; i.e., insurance written upon the premium adjustment form. This policy shall contribute, in accordance with its conditions, only with other insurance as herein defined.

Specific Insurance Clause—Insurance other than described in the Contributing Insurance Clause shall be known as Specific Insurance.

Excess Clause—This policy does not attach to or become insurance against any hazard upon property herein described, which at the time of any loss is insured as defined by the Specific Insurance Clause, until the liability of such specific insurance has been exhausted and then shall cover only such

UNIVERSAL LEAF TOBACCO CO. v. OLDHAM

[113 N.C. App. 490 (1994)]

loss or damage as may exceed the amount due from such specific insurance (whether valid or not and whether collectible or not) after application of any contribution, coinsurance, average or distribution or other clauses contained in policies of such specific insurance affecting the amount collectible thereunder, not however, exceeding the limits as set forth herein.

According to its terms, the Lloyds policy "does not attach to or become insurance against any hazard upon property herein described, which at the time of any loss is insured as defined in the specific insurance clause . . . ." The specific insurance clause states that "specific insurance" is any insurance "other than described in the Contributing Insurance Clause." The contributing insurance clause defines contributing insurance as insurance "written upon the same plan, terms, conditions, and provisions as those contained in this form; i.e., insurance written upon this premium adjustment form."

Clearly, the insurance provided by the INA policies is not written upon the same plan, terms, conditions, and provisions as the insurance provided by the Lloyds policy. Thus, the INA policies fall within the definition of "specific insurance" as described in the Lloyds policy. The existence of "specific insurance" is the event which shuts off Lloyds' liability under the terms of its policy. Therefore, we conclude that the existence of the INA policies renders excess the coverage provided by Lloyds and that Lloyds is entitled to entry of summary judgment in its favor.

For the reasons stated, the decision of the Superior Court of Wilson County is reversed, and this case is remanded to that court for entry of summary judgment in favor of Lloyds.

Reversed and remanded.

Judges WELLS and LEWIS concur.