[218 N.C. App. 190 (2012)]

IN THE MATTER OF J.A.P.

No. COA11-1186

(Filed 17 January 2012)

**Child Custody and Support—foreign order—lack of subject matter jurisdiction**

The trial court lacked subject matter jurisdiction to terminate respondent father's parental rights. A prior child custody order had been entered in New Jersey, nothing in the record indicated New Jersey no longer had exclusive continuing jurisdiction or that a court of North Carolina would be a more convenient forum, nor did any court determine that respondent no longer lived in New Jersey.

Appeal by respondent-father from order entered 11 August 2011 by Judge Margaret Sharpe in District Court, Guilford County. Heard in the Court of Appeals 28 December 2011.

*Nicholas S. Ackerman, for petitioner-mother-appellee.*

*Peter Wood, for respondent-father-appellant.*

STROUD, Judge.

Respondent-father appeals from an order terminating his parental rights to his child. For the following reasons, we vacate the order.

Jack[1] was born to petitioner-mother and respondent-father in June 2003 in New Jersey. A New Jersey court entered orders granting custody of Jack to petitioner-mother and requiring respondent-father to pay child support. Respondent-father last saw Jack in 2006, and respondent-mother and Jack moved to North Carolina in 2007. On 9 March 2009, petitioner filed a petition to terminate respondent-father's parental rights in District Court, Guilford County, North Carolina. The petition alleged that respondent-father was "a citizen and resident of . . . New Jersey"[2] and also noted that "[t]he Parties agreed upon custody of the minor child in 2001 to be awarded to the Petitioner while going through mediation in the Mercer County[, New Jersey] Courts." On 31 May 2011, the trial court conducted a hearing on

---

1. A pseudonym will be used to protect the identity of the minor child.

2. The trial court failed to make any findings of fact regarding the residency of respondent-father. However, the petition and transcript state that respondent-father resides in New Jersey, and neither party contests this fact.

the termination petition, and on 11 August 2011, the trial court entered a written order terminating respondent-father's parental rights. Respondent-father appeals.

In his sole argument on appeal, respondent-father contends the trial court lacked subject matter jurisdiction to enter its termination order because New Jersey retained jurisdiction. Petitioner-mother does not challenge the legal basis of respondent-father's argument but contends that there is no custody order from New Jersey in the record. But petitioner-mother stated in her verified petition that the parties agreed through mediation in a New Jersey court that she would be awarded custody of Jack. Petitioner-mother was required to include this information in her verified petition. *See* N.C. Gen. Stat. § 50A-209 (2009).

N.C. Gen. Stat. § 50A-209 requires:

> (a) In a child-custody proceeding, each party, in its first pleading or in an attached affidavit, shall give information, if reasonably ascertainable, under oath as to the child's present address or whereabouts, the places where the child has lived during the last five years, and the names and present addresses of the persons with whom the child has lived during that period. The pleading or affidavit must state whether the party:

> > (1) Has participated, as a party or witness or in any other capacity, in any other proceeding concerning the custody of or visitation with the child and, if so, the pleading or affidavit shall identify the court, the case number, and the date of the child-custody determination, if any[.]

N.C. Gen. Stat. § 50A-209. The petition included allegations regarding the child's residency for the prior five years, and although the petition did not state the case number of the prior proceeding, it did include allegations regarding the prior custody proceeding, identification of the court, and the year of the prior determination.

> It is well established in this jurisdiction that a party is bound by his pleadings and, unless withdrawn, amended, or, otherwise altered, the allegations contained in all pleadings ordinarily are conclusive as against the pleader. Allegations contained in the pleadings of the parties constitute judicial admissions which are binding on the pleader as well as the court.

*Universal Leaf Tobacco Co. v. Oldham*, 113 N.C. App. 490, 493, 439 S.E.2d 179, 181 (citation, quotation marks, and brackets omitted), *disc. review denied*, 336 N.C. 615, 447 S.E.2d 412 (1994). Thus, there is no real question that a prior custody order was entered in New Jersey, even if there is not a copy of the actual order in the record.

North Carolina General Statute § 7B-1101 provides in pertinent part that

> [t]he court shall have jurisdiction to terminate the parental rights of any parent irrespective of the state of residence of the parent. Provided, that before exercising jurisdiction under this Article[, Termination of Parental Rights,] regarding the parental rights of a nonresident parent, the court shall find that it has jurisdiction to make a child-custody determination under the provisions of G.S. 50A-201 or G.S. 50A-203[.]

N.C. Gen. Stat. § 7B-1101 (2009).

N.C. Gen. Stat. § 50A-201 addresses subject matter jurisdiction over an initial custody determination. N.C. Gen. Stat. § 50A-201 (2009). An "[i]nitial determination" is defined as "the first child-custody determination concerning a particular child." N.C. Gen. Stat. § 50A-102(8) (2009). Here, the initial custody determination was made by a New Jersey court. Thus, § 50A-201 is inapplicable. *See* N.C. Gen. Stat. § 50A-201.

The remaining possible basis for jurisdiction is N.C. Gen. Stat. § 50A-203, which outlines the requirements for a North Carolina court to have jurisdiction to modify an existing custody determination of another state. *See* N.C. Gen. Stat. § 50A-203 (2009). A North Carolina court cannot modify a custody determination made by another state unless, *inter alia*, one of the following two requirements is met:

> (1) The court of the other state determines it no longer has exclusive, continuing jurisdiction under G.S. 50A-202 or that a court of this State would be a more convenient forum under G.S. 50A-207; or

> (2) A court of this State or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state.

*Id.* Although the trial court concluded that it had "jurisdiction over the parties and the subject matter[,]" the trial court made no findings

of fact which would support this conclusion of law. Nothing in the record indicates that a New Jersey court determined that New Jersey "no longer has exclusive, continuing jurisdiction" or "that a court of this State would be a more convenient forum" or that any court has determined that respondent-father no longer lives in New Jersey. Accordingly, N.C. Gen. Stat. § 50A-203 is inapplicable. *See id.* Therefore, we conclude the trial court lacked subject matter jurisdiction over the termination of parental rights proceeding. The order of the trial court must be vacated and this case remanded for entry of an order dismissing petitioner's action. *See In re N.R.M., T.F.M.,* 165 N.C. App. 294, 301, 598 S.E.2d 147, 151 (2004).

VACATED and REMANDED.

Judges STEPHENS and BEASLEY concur.