### S. F. BOWSER & CO. (Inc.) v. H. B. TARRY.

(Filed 20 September, 1911.)

**1. Written Contracts—Parol Evidence—Conditions Precedent.**

While the express terms of a written contract may not be varied by a contemporaneous oral agreement, it may be shown by parol evidence that such delivery was on condition that the written contract was not to be operative until the happening of some contingent event, or that it was not to be regarded as a contract until the happening of the specified event.

**2. Same.**

A written order or contract of purchase by defendant of a certain gasoline tank was put in evidence, containing certain provisions that the order was not subject to countermand, and there should be no defense for nonpayment. The tank was shipped by rail and taken from the depot by defendant to prevent the accrual of demurrage charges. The defendant reshipped the tank to plaintiff, and in an action for the purchase price it is held competent for the defendant to show by parol evidence that he purchased the tank subject to a contemporaneous oral agreement that the order was subject to his being able to get permission from the town, wherein he conducted his store, to bury the tank under the sidewalk, and that this permission had been refused; and that he had not notified the plaintiff before shipment, for the reason that it had been made sooner than he was led to believe it would be made.

APPEAL from *J. S. Adams, J.,* at March Term, 1911, of HALIFAX.

Civil action tried on appeal from a justice's court. Plaintiff sued on an instrument alleged to be a written contract bearing date 16 December, 1909, for the purchase of a gasoline tank with incidental appliances, at the price of $140. The tank was shipped from Fort Wayne, Indiana, on 15 December, 1909,

and arrived at Littleton, N. C., some time in the latter part of the month, and was taken out of railroad depot by defendant, as he stated, for purpose of saving storage. Defendant having denied liability, on issue submitted the court charged the jury that if they believed the evidence the plaintiff was entitled to recover the contract price, $140, etc. Verdict for same in plaintiff's favor. Judgment, and defendant excepted and appealed, assigning errors chiefly in the rulings of the court on questions of evidence.

*George Green and Murray Allen for plaintiff.*
*J. M. Picot and Joseph J. Pippen for defendant.*

HOKE, J. The written instrument purporting to bear date 16 December, 1909, expressed a definite order for the tank and appliances at the stated price of $140, and contained further stipulations as follows: "It is agreed by purchaser that this order shall not be countermanded and, when filled and due as per specifications and terms herein stated, that there shall be no defense for nonpayment. It is further agreed that in default of payment, S. F. Bowser & Co., Incorporated, or their agent, may take possession of and remove said goods without legal process, unless such default be granted by special letter from S. F. Bowser & Co., Incorporated." This paper-writing having been received in evidence without objection, plaintiff put defendant on the stand, who testified, on his examination in chief, that he signed the instrument and that he had not paid the price or any part of same. On cross-examination the witness was allowed to state: "The agent for the Bowser Company came in to see me some time in December, 1909, and explained to me the uses and need for his gasoline tank. I told him that I thought it was a fine thing and would certainly like to have one, and that I would buy one if I could get permission from the town authorities to bury the tank under the street. The agent replied that there was no possible danger from the use of the tank, and that he could not see how the town authorities could object. I told him that I would buy the tank with the understanding that if I could not get permission from the town

authorities I could not and would not accept the tank.    The agent replied that his factory was greatly overrun with orders, and that it would be impossible to ship the tank before 1 February, 1910, and that in the meantime I would have ample time and opportunity to see the town authorities and arrange to place the tank, and that if I could not do so, then I could countermand the order and need not take the tank.    All of this conversation and every word of it was prior to my signing the contract, though after signing the same we had general talk, but as to what was stated by either of us in the general talk, after signing the contract, I cannot and do not swear to.    The agent left.    Before the first day of January, 1910, the tank, which he had told me would not be shipped or could not be shipped until the first of February, 1910, arrived.    I had not then seen the town authorities, not having had the opportunity to, and not expecting the tank before the time promised by the agent.    I took the tank out of the warehouse to save storage charges and pending permission to plant the same by the town authorities.    I immediately went to the street commissioner of the town of Littleton, who is the proper authority to give permission in such cases, and he positively refused to permit me to bury the tank in the street.    I then asked my landlord if I might bury the tank under his building, and he refused me permission to do so.    (I then wrote the Bowser Company that they had shipped the tank before the time agreed by their agent, and that I could not, after having tried, get permission from the town authorities nor from my landlord to place the tank where I could use it, and it was therefore valueless to me.) I went at once and shipped the tank back to the Bowser Company, prepaying freight, and have never been notified by the railroad that the shipment was refused." On objection by plaintiff, this statement was excluded, and in this ruling we think there was error.

The general principle insisted and relied upon by plaintiff is undoubted, that oral evidence will not be received to contradict or vary a written contract. In *Ray v. Blackwell,* 94 N. C., 10, *Chief Justice Smith,* speaking to the question, said:    "It is a set-

tled rule too firmly established in the law of evidence to need a reference to authority in its support, that parol evidence will not be heard to contradict or alter the terms of a contract put in writing, and all contemporary declarations and understandings are incompetent for such purpose." And again in the same opinion: "The cases which are apparently to the contrary do not contravene this rule," but rest upon the idea that the writing does not contain the contract, but is in part execution of it. Numerous decisions in the State before and since are in affirmance and application of the principle. *Walker v. Venters,* 148 N. C., 388; *Medicine Co. v. Mizell,* 148 N. C., 384; *Basnight v. Jobbing Co.,* 148 N. C., 350; *Bank v. Moore,* 138 N. C., 529. Even when a contemporaneous oral stipulation would be otherwise received, because it too was a part of the contract, this will not be allowed when it contradicts the portion of the agreement which is reduced to writing. This is well stated by the present *Chief Justice* in *Walker v. Venters* as follows: "It is true that a contract may be partly in writing and partly oral (except when forbidden by the statute of frauds), and in such case the oral part of the agreement may be shown; but this is subject to the well-established rule that a cotemporaneous agreement shall not contradict that which is written. The written word abides."

While this position is unquestioned, it is also fully understood that although a written instrument purporting to be a definite contract has been signed and delivered, it may be shown by parol evidence that such delivery was on condition that the same was not to be operative as a contract until the happening of some contingent event, and this on the idea, not that a written contract could be contradicted or varied by parol, but that until the specified event occurred the instrument did not become a binding agreement between the parties. It never in fact became their contract. The principle has been applied with us in several well-considered decisions, as in *Pratt v. Chaffin,* 136 N. C., 350; *Kelly v. Oliver,* 113 N. C., 442; *Penniman v. Alexander,* 111 N. C., 427, and is now very generally recognized. *Ware v. Allen,* 128 U. S., 590; *Wilson v. Powers,*

131 Mass., 539; *Rym v. Cambill,* 88 E. C. L., 370; Clark on Contracts, p. 391; Lawson on Contracts, sec. 376; Anson on Contracts (Amer. Ed.), p. 318, and except in deeds conveying real estate obtains, though the instrument is under seal and delivery has been to the other party. *Blewitt v. Boorum,* 142 N. Y., 357. In *Ware v. Allen, supra,* the rule is expressed thus: "Parol evidence is admissible in an action between the parties to show that a written instrument executed and delivered by the party obligor to the party obligee absolute on its face was conditional and not intended to take effect until another event should take place." And in Anson on Contracts, *supra,* it is said: "In like manner the parties to a written contract may agree that until the happening of a condition which is not put in writing, the contract is to remain inoperative." Applying the principle, we are of opinion that the proposed evidence should have been received. The statement by permissible interpretation presents the view that the instrument, though in writing and in the form of a definite contract, was delivered to plaintiff's agent on condition that same was not to become a binding agreement and operative unless and until the town authorities gave their permission to bury the tank in the street. There is also the permissible view, with evidence tending to support it, that the instrument was delivered with the intent that same should presently bind as a contract of sale, and on the facts as they now appear the issue should be determined by the jury on the question whether the instrument was delivered on the condition stated or with the intent that the parties should be presently bound. And in this last event it would not be open to defendant to show by parol that he had reserved the right to countermand the order. That would be to annex a condition subsequent and in direct contradiction of the express stipulation of the written instrument.

There is error, and defendant is entitled to have the cause tried before another jury.

New trial.