CITY OF RANDLEMAN v. MYRTLE HINSHAW
No. 6819SC267

(Filed 18 September 1968)

**1. Evidence § 28; Eminent Domain § 6— failure to authenticate written evidence in condemnation proceeding**

In a special proceeding by a municipality to condemn an easement for water and sewer lines outside the city limits, it was prejudicial error for the court to admit in evidence without proper identification and authentication a written offer by the municipality to give respondent landowner access to the water and sewer lines upon payment of a tap-on fee, it not appearing that respondent had accepted the offer and witnesses for the municipality having testified as to benefits to respondent's property from access to the water and sewer lines.

**2. Evidence § 29— authentication of writings**

Before any writing may be admitted into evidence it must be authenticated in some manner — i.e., its genuiness or execution must be proved.

**3. Evidence § 28— authentication of public records or documents**

A competent public record or document must be properly identified, verified or authenticated by some recognized method before it may be introduced in evidence.

**4. Municipal Corporations § 4— furnishing water and sewer service to nonresidents**

A municipality which operates its own water and sewer system is under no duty to furnish water or sewer service to persons outside its limits but has the discretionary power to do so.

APPEAL by respondent from *Exum, J.*, 26 February 1968 Civil Session of RANDOLPH Superior Court.

This is a special proceeding in which petitioner seeks to condemn an easement for water and sewer lines along a State maintained road running through the property of respondent.

In its petition, petitioner alleges the necessity for it to construct a sewage disposal plant and, in connection therewith, to condemn a 40-foot easement across respondent's lands. The lands of respondent consist of some 86 acres and are located outside of petitioner's limits but between said limits and the site of the sewage disposal plant.

The case was heretofore appealed to the Supreme Court and, in an opinion reported in 267 N.C. 136, 147 S.E. 2d 902, was remanded to the Superior Court. Thereafter, there were further proceedings before the clerk and ultimately an appeal from the clerk to the Superior Court.

When the case came on for trial at the February 1968 Civil Session, the parties stipulated all questions except the issue of damages.

After presentation of evidence by both parties and a jury view of the premises, the jury returned a verdict in favor of respondent for $275.00. Respondent appealed from judgment predicated thereon.

*L. T. Hammond, Sr., for petitioner appellee.*

*Ottway Burton for respondent appellant.*

BRITT, J.

[1] Respondent assigns as error the admission in evidence, at the request of petitioner and over respondent's objection, a paper writing in words and form as follows:

> "THIS OFFER, Made this the 28th day of February, 1968, by the City of Randleman, a municipal corporation in Randolph County, North Carolina, (hereinafter referred to as the City), the [sic] Myrtle Hinshaw, of Randolph County, North Carolina, (hereinafter referred to as Landowner);

> WITNESSETH:

> WHEREAS, there is now pending in the Superior Court of Randolph County a certain condemnation action instituted by the City against the Landowner, in which the Landowner is seeking to recover certain damages from the City for an easement and right-of-way the City has acquired over, across and under the lands of the Landowner; and whereas, the question has arisen as to whether the Landowner does and will have a right, both now and in the future to tap on the sewer line and water line as the same now exist and which run along said easement, and the City wishes to make plain its position in this regard;

> Now, THEREFORE, in consideration of the premises, and in connection with the litigation now pending between the parties, the City does hereby make to the Landowner the following offer;

> At any time in the future that the Landowner, or her successors in title to the lands involved in this litigation and described in the official map filed in the case, desires to tap on either the water or sewer lines as the same now exist and which run along, through or under the lands of the Landowner, she or they may do so by paying the regular tap-on fees for outside City Limit users in effect at the time such tap-on is made, paying for the use of the water and sewer as billed by the City at the regular rates charged outside City Limits users from time to time, and otherwise complying with all the usual and normal requirements of the City relative to tapping on and using the water and sewer services of the City.

IN TESTIMONY WHEREOF, the City of Randleman has caused this Offer to be executed in its name by its Mayor, duly attested by its City Secretary, and the City Seal to be hereto affixed, all as of the day and year first above written.

> CITY OF RANDLEMAN
>
> By:  PAUL BELL
> MAYOR

ATTEST:

C. D. Kistler
City Secretary"

[Acknowledgment by Paul Bell and C. D. Kistler before a notary public].

Said paper writing was introduced without any identification and read to the jury before petitioner presented oral testimony. The admission of the document constituted prejudicial error.

**[2, 3]**    "Before any writing will be admitted in evidence, it must be *authenticated* in some manner — i.e., its genuineness or execution must be proved." Stansbury, N. C. Evidence 2d, § 195, citing numerous authorities, including *Sledge v. Wagoner,* 250 N.C. 559, 109 S.E. 2d 180, and *Perkins v. Brinkley,* 133 N.C. 348, 45 S.E. 652. Even a competent public record or document must be properly identified, verified or authenticated by some recognized method before it may be introduced in evidence. *Hughes v. Vestal,* 264 N.C. 500, 142 S.E. 2d 361.

The paper writing complained of raises many questions; we suggest only a few: Were the signatures of Mayor Paul Bell and City Secretary C. D. Kistler genuine? If so, was the execution of said document by the Mayor and City Secretary duly authorized by the governing board of the City of Randleman?

An equally serious question arises as to what the document is. It is designated and takes the form of an "offer" from petitioner to respondent, but nowhere in the record do we find that respondent accepted the offer, expressly or otherwise. The document does not take the form of a municipal ordinance which unequivocally does something but appears to be only an offer without any acceptance.

Its introduction was clearly prejudicial to the respondent. The petitioner presented seven witnesses who gave testimony as to the value of respondent's property before and after the taking. Six of the witnesses were questioned by petitioner's counsel as to the value of land considering the beneficial effects afforded by access

to water and sewer lines. Each of petitioner's witnesses opined that respondent's land was more valuable after the taking than before the taking. In His Honor's charge to the jury, he stated that petitioner had offered evidence tending to show that respondent's land had been increased rather than decreased in value because of the water and sewer lines installed by petitioner.

[4] A municipality which operates its own water and sewer system is under no duty to furnish water or sewer services to persons outside its limits. It has the discretionary power, however, to engage in this undertaking. *Fulghum v. Selma*, 238 N.C. 100, 76 S.E. 2d 368. Granting that petitioner in the case before us had the authority to provide that respondent's property would have access to the water and sewer lines installed, the paper writing introduced did not unequivocally extend those benefits. Furthermore, the judgment entered contained no provision that respondent's property would derive any benefits from the water and sewer lines.

We deem it unnecessary to discuss the other assignments of error brought forward by respondent, as they might not arise upon a retrial of this action.

New trial.

BROCK and PARKER, JJ., concur.