THE SALVATION ARMY v. W. F. WELFARE, JR., WACHOVIA BANK & TRUST COMPANY, N.A., EXECUTOR OF THE ESTATE OF PETRUS M. KOENS, AND AMERICAN SAVINGS & LOAN ASSOCIATION

No. 828SC627

(Filed 5 July 1983)

**Banks and Banking § 3; Contracts § 12.1— joint savings account—property passing outside will**

Where the decedent and the individual defendant signed a signature card creating a joint savings account with right of survivorship, the signature card was a contract which in clear and unambiguous terms expressed the intent of the parties as to entitlement to the funds remaining in the account upon the death of either. It needed no extrinsic evidence to explain its expression of intent. Therefore, the trial judge properly dismissed a count in plaintiff's complaint which alleged that at the time decedent signed the signature card he did not understand or intend that his signing the card would allow the individual defendant to be the sole owner of the entire deposit upon the death of decedent.

APPEAL by plaintiff and defendant W. F. Welfare, Jr. from *Llewellyn, Judge.* Order entered 5 May 1982 in WAYNE County Superior Court. Heard in the Court of Appeals 21 April 1983.

Plaintiff Salvation Army is the beneficiary under the will of Petrus M. Koens, the decedent. Defendant W. F. (Billy) Welfare, Jr. asserts survivorship rights to a joint savings account at American Savings and Loan Association opened by the decedent on 17 November 1978 in the names of Petrus M. Koens and W. F. Welfare, Jr., the signature card being signed by both Koens and Welfare.

The Salvation Army brought this action to have the funds in the savings account, over $50,000.00, declared the property of decedent's estate and distributed under Koens' will. Plaintiff's complaint sets out three alternative counts in support of plaintiff's claim. Count one alleges that at the time Koens signed the signature card he did not understand or intend that his signing the card would allow Billy Welfare to be the sole owner of the entire deposit upon the death of Koens. Count two alleges that at the time he signed the signature card, Koens lacked sufficient mental capacity to understand the effect of his signing. Count three alleges that the account was opened by Koens as a result of the undue influence of a third person who influenced Koens to open a joint account with Billy Welfare for the purpose of enabling Welfare to withdraw funds from said account for the benefit of the decedent, such other person not realizing that Welfare would become the owner of the funds in the account in the event Koens should die.

After discovery, defendant Welfare moved for summary judgment pursuant to Rule 56 of the Rules of Civil Procedure. After reviewing the materials before him, the trial judge found that no genuine issue of material fact existed as to Count one of plaintiff's complaint and granted summary judgment for defendant Welfare on that count. Finding that genuine issues of material fact existed as to both Count two and Count three, the trial judge ordered that the action be tried by a jury on those counts. Plaintiff appealed from the partial grant of defendant's motion and defendant Welfare appealed from the partial denial of the motion. Subsequent to the filing of this case in this Court, plaintiff moved this court to dismiss defendant Welfare's appeal as an interlocutory order under G.S. 1A-1, Rule 54(b) as not affecting a substantial right under G.S. 1-277 or G.S. 7A-27. This Court dismissed defendant Welfare's appeal by an order of 23 August 1982. Thereafter, defendant Welfare petitioned this Court to rehear plaintiff's motion to dismiss defendant's appeal. Defendant's petition to rehear was denied by order of this Court dated 24 September 1982.

*Dees, Dees, Smith, Powell & Jarrett, by William W. Smith, for plaintiff.*

*Spence & Spence, by Robert A. Spence, Sr., for defendant.*

WELLS, Judge.

This case reaches us in an unusual procedural context. First, we note that the judgment below did not finally determine all of the claims raised by the pleadings, two of plaintiff's claims being left for trial by the trial court's judgment. Defendant Welfare's appeal from the trial court's denial of his motion for summary judgment as to plaintiff's second and third counts was the subject of a motion to dismiss, in this Court. A previous panel having granted that motion, we are bound by that action and cannot further consider defendant Welfare's appeal. *See N.C.N.B. v. Virginia Carolina Builders*, 307 N.C. 563, 299 S.E. 2d 629 (1983).

The sole issue we determine in this opinion is whether the trial court properly granted defendant Welfare's motion for summary judgment as to plaintiff's first count. Plaintiff strongly contends that the materials before the trial court indicate or raised a triable issue as to whether Koens *intended* to make a gift to Welfare of the funds on deposit in the joint account. We now deem it appropriate to comment on another unusual procedural aspect of this case. It is well established that on a motion for summary judgment the burden is on the movant to (1) show to the trial court that an essential element of the opposing party's claim is nonexistent, or (2) of showing to the trial court through discovery that the opposing party cannot produce enough evidence to support an essential element of his or her claim. *Lowe v. Bradford*, 305 N.C. 366, 289 S.E. 2d 363 (1982). If the moving party satisfies this burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. *Id.* The record before us shows that there were four depositions considered by the trial court: those of defendant Welfare, Ruby Blackmon, Viola McIlhenny, and Louise Langston. While the record does not indicate who sponsored these depositions upon the hearing on defendant Welfare's motion, it is clear from the context of the depositions that all four were taken by plaintiff's counsel. In addition to these depositions, the trial court had before it a stipulation by the parties as to the joint account agreement, through which the agreement card itself was placed before the trial court. We can only assume from the nature of the record before us that it was the judgment of the trial court that the production of the agreement itself, by stipulation, was sufficient to meet defendant Welfare's burden on his motion for sum-

mary judgment as to plaintiff's first count, and that the trial court then considered the depositions taken by plaintiff in the context of responding to defendant's proof (or evidence) of the joint account agreement. It is in this context that we consider and dispose of plaintiff's contention that the trial court erred in granting defendant Welfare's motion.

The heart of plaintiff's argument is that it is entitled to have the issue of Koens' *intent* to make a gift to Welfare submitted to a jury. We disagree. G.S. 41-2.1, in pertinent part, contains provisions under which joint accounts with rights of survivorship may be established in banking institutions.

Sec. 41-2.1. *Right of survivorship in bank deposits created by written agreement.* —

(a) A deposit account may be established with a banking institution in the names of two or more persons, payable to either or the survivor or survivors, with incidents as provided by subsection (b) of this section, when both or all parties have signed a written agreement, either on the signature card or by separate instrument, expressly providing for the right of survivorship.

(b) A deposit account established under subsection (a) of this section shall have the following incidents:

(1) Either party to the agreement may add to or draw upon any part or all of the deposit account, and any withdrawal by or upon the order of either party shall be a complete discharge of the banking institution with respect to the sum withdrawn.

. . .

(3) Upon the death of either or any party to the agreement, the survivor, or survivors, become the sole owner, or owners, of the entire unwithdrawn deposit . . . .

. . .

The signature card in evidence in this case closely conforms to the provisions of the statute, and contains a provision that "in case of the death of either or any of [the owners] the survivor or survivors shall be the sole owner or owners of the entire

account." While it is settled law that the heart of a contract is the intention of the parties, *Lane v. Scarborough*, 284 N.C. 407, 200 S.E. 2d 622 (1973), it is also settled law that when a contract is in writing and free from any ambiguity which require resorting to extrinsic evidence, or the consideration of disputed fact, the intention of the parties is a question of law to be determined by the Court. *Id.* The contract in dispute in this case, in clear and unambiguous terms, expresses the *intent* of the parties as to entitlement to the funds remaining in the account upon the death of either. It needs no extrinsic evidence to explain its expression of intent; and indeed, to allow extrinsic evidence on the issue of intent expressed in such agreements would substantially defeat and frustrate the very purpose of such agreements.

The judgment of the trial court is, in all respects,

Affirmed.

Judges BECTON and EAGLES concur.