THE TOWN OF WEST JEFFERSON v. LENNA H. EDWARDS, RONALD C. ED-
WARDS, JAMES L. POINDEXTER, AND ELLEN C. POINDEXTER

No. 8423SC618

(Filed 7 May 1985)

1. Evidence § 32.6— intent of parties—parol evidence inadmissible

Parol evidence was not admissible to show that a contract was not intend-
ed to be valid and binding where the contract was clear and unambiguous and
defendant did not allege fraud or mistake.

2. Evidence § 32.5— reimbursement after payment—parol evidence inadmissible

Evidence that an agreement between defendants and plaintiff town was
signed by defendants only on the condition that any payments made by defend-
ants under the agreement would be reimbursed to them by plaintiff town did
not come within the exception to the parol evidence rule allowing parol
evidence to show conditional delivery of a contract.

3. Municipal Corporations § 23.3— water and sewer services—agreement to ex-
tend outside town limits

Plaintiff town had the authority to enter into a contract to extend water
and sewer lines to defendants' property outside the town limits upon the
agreement of defendants to pay the town $6,400 for each acre developed by
them to be served by the water and sewer system up to a total payment of
$36,000.

APPEAL by defendants from *Rousseau, Judge.* Judgment en-
tered 4 April 1984 in Superior Court, ASHE County. Heard in the
Court of Appeals 7 February 1985.

Plaintiff, a municipal corporation, brought this action against
defendants for breach of contract. In its complaint plaintiff al-
leged that pursuant to a contract signed on 30 September 1981
(hereinafter "1981 Agreement") defendants agreed to pay plaintiff
$6,400 for each acre developed by them to be served by the mu-
nicipal water and sewer system of plaintiff, up to a total payment
of $36,000. The payments were to be made upon the execution of
leases or sales of all or portions of the 12.9 acres of land owned
by defendants Edwards and Poindexter. By deeds dated 26 May

1982 and 1 December 1982, James and Ellen Poindexter sold two parcels of land from the 12.9 acres, but did not pay plaintiff $36,000 which they owe pursuant to the contract.

In their answer defendants admitted the existence of the 1981 Agreement, but alleged it was unenforceable. As defenses they alleged, *inter alia*, that pursuant to a 1979 contract (hereinafter "1979 Agreement") plaintiff agreed to construct sewer and water mains to serve the 12.9 acres; that the 1981 Agreement was conditioned on plaintiff agreeing that payments under the 1981 Agreement would be treated as expenses under the 1979 Agreement and reimbursable by plaintiff; that the 1981 Agreement was entered into solely to bolster plaintiff's chances of obtaining an Urban Development Action Grant from the United States Department of Housing and Urban Development; that there was no consideration for the 1981 Agreement; and that the 1981 Agreement was *ultra vires*.

After reviewing the pleadings, affidavits and interrogatories, the trial judge granted plaintiff's motion for summary judgment and entered a $36,000 judgment with interest thereon against defendants. Defendants appealed.

*Vannoy and Reeves by Jimmy D. Reeves for plaintiff-appellee.*

*Petree, Stockton, Robinson, Vaughn, Glaze and Maready by Dudley Humphrey and Rodrick J. Enns for defendant-appellants.*

PARKER, Judge.

The question before this court is whether plaintiff is entitled to summary judgment as a matter of law.

General Statute 1A-1, Rule 56(c) provides that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." The moving party has the burden of clearly establishing the lack of any triable issue of fact; his papers are carefully scrutinized while those of the nonmoving party are indulgently regarded. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E.

2d 419 (1979). This burden may be met by proving that the opposing party either cannot produce evidence to support an essential element of his or her claim or cannot surmount an affirmative defense which would bar the claim. *Dickens v. Puryear*, 302 N.C. 437, 276 S.E. 2d 325 (1981). If the moving party meets this burden, the opposing party must either assume the burden of showing that a genuine issue of material fact exists or provide an excuse for not so doing. *Moore v. Fieldcrest Mills, Inc., supra.* Summary judgment forces the nonmoving party to produce a forecast of evidence which he has available for presentation at trial to support his claim or defense. *Id.*

[1] The first question before us is whether defendants' evidence regarding execution of the 1981 Agreement, which they contend presents a genuine issue of material fact as to the nature of the contract, would be admissible at trial. For the reasons set forth in this opinion we find that this evidence would be barred by the parol evidence rule.

Parol testimony of prior or contemporaneous negotiations inconsistent with a written contract, or which tends to substitute a new or different contract for the one evidenced by the writing, is incompetent. *Craig v. Kessing*, 297 N.C. 32, 253 S.E. 2d 264 (1979). As our Supreme Court explained in *Neal v. Marrone*, 239 N.C. 73, 77, 79 S.E. 2d 239, 242 (1953):

> A contract not required to be in writing may be partly written and partly oral. However, where the parties have deliberately put their engagements in writing in such terms as import a legal obligation free of uncertainty, it is presumed the writing was intended by the parties to represent all their engagements as to the elements dealt with in the writing. Accordingly, all prior and contemporaneous negotiations in respect to those elements are deemed merged in the written agreement. And the rule is that, in the absence of fraud or mistake or allegation thereof, parol testimony of prior or contemporaneous negotiations or conversations inconsistent with the writing, or which tend to substitute a new and different contract from the one evidenced by the writing, is incompetent.

Defendants' first argument is that the 1981 Agreement was never intended to be a valid, binding contract. The 1981 Agreement is as follows:

AGREEMENT

NORTH CAROLINA
ASHE COUNTY

This Agreement, dated as of the 30 day of September, 1981, by and between THE TOWN OF WEST JEFFERSON, a municipal corporation organized and existing under and by virtue of the laws of the State of North Carolina, hereinafter referred to as "Town"; and LENNA H. EDWARDS and JAMES L. POINDEXTER, hereinafter referred to as "Edwards-Poindexter";

WITNESSETH:

WHEREAS, Edwards-Poindexter desires to develop for commercial shopping purposes that certain tract of land containing approximately 12.9 acres, located in West Jefferson Township, Ashe County, North Carolina, approximately .5 mile South of the municipal limits of the Town, and being a portion of that land fully described in that certain deed of record in the Ashe County Public Registry in Book 130, at pages 1827-1831; and being those certain lands adjacent to that approximate 9.05 acres of land which is being developed by Ingles Market, Incorporated, for a location for a shopping center to be known as Ashemont Shopping Center; and

WHEREAS, the Town desires to provide water and sewer service to said lands to be developed once said area has been annexed by the Town; and

WHEREAS, the Town has obtained an Urban Development Action Grant ("UDAG") from the Department of Housing and Urban Development, the terms of which required the Town and Edwards-Poindexter to enter into an agreement with provisions which are consistent with the grant.

NOW, THEREFORE, for good, sufficient and valuable considerations, the receipt of which is hereby acknowledged, the parties hereby covenant and agree as follows:

1. The Town agrees to use the sum of approximately $333,350 of the UDAG funds to install an eight inch (8") water and eight inch (8") sewer service (of approximately 5200 linear feet of water line and 3300 linear feet of sewer line) to the aforesaid property of Edwards-Poindexter.

2. In consideration of the Town extending water and sewer service to the aforesaid property belonging Edwards-Poindexter, Edwards-Poindexter agrees to pay to the Town the sum of Six Thousand Four Hundred ($6,400) Dollars for each acre developed which will be served by sewer service up to a total payment by Edwards-Poindexter to the Town of Thirty-Six Thousand ($36,000) Dollars. All payments shall be made upon the execution of leases or upon sales of all or portions of the approximately 12.9 acres of land owned by Edwards-Poindexter.

3. In addition to the payments required in Paragraph 2 above, Edwards-Poindexter shall pay to the Town the normal sewer tap fees.

4. Edwards-Poindexter agrees to pay the cost of extending water and sewer service from any portion of Edwards-Poindexter site to the main water and sewer lines which the Town agrees to place at a point on the edge of the land being developed for the Ashemont Shopping Center.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals the day and year first above written.

TOWN OF WEST JEFFERSON

by: s/ Virginia H. Myers                                (SEAL)

ATTEST:

s/ PAUL E. TAYLOR, JR.

    s/ LENNA H. EDWARDS                          (SEAL)
    s/ RONALD C. EDWARDS                          (SEAL)
    s/ JAMES L. POINDEXTER                        (SEAL)
    s/ ELLEN C. POINDEXTER                        (SEAL)

NORTH CAROLINA
ASHE COUNTY

Defendants contend that they had an oral understanding with plaintiff that plaintiff would install water and sewer lines to the 12.9 acres, and defendants would incur no expenses. According to defendants, when plaintiff discovered that to obtain the HUD grant they would need the developers' promise to contribute to the cost, plaintiff asked defendants to sign the agreement with the intention that it would not be binding.

The apparent mutual assent of the parties to a contract must be gathered from the language of the contract; an undisclosed intention is immaterial in the absence of mistake or fraud, and the law imputes to a person an intention corresponding to the reasonable meaning of his words and acts. *Howell v. Smith*, 258 N.C. 150, 128 S.E. 2d 144 (1962); *Salvation Army v. Welfare*, 63 N.C. App. 156, 303 S.E. 2d 658 (1983), *review denied*, 311 N.C. 306, 317 S.E. 2d 682 (1984). Thus, to introduce their extrinsic evidence of intent, defendants would have to allege either fraud or mistake. Defendants allege neither; instead they rely on *Borden, Inc. v. Brower*, 284 N.C. 54, 199 S.E. 2d 414 (1973), to support their argument that parol evidence should be admitted to show the intent of the parties, even when, as in the instant case, the agreement is unambiguous.

In *Borden*, plaintiff sought to recover the balance due on a promissory note. Our Supreme Court, reversing summary judgment for plaintiff, observed that since promissory notes are often intended only as a partial integration of the agreement between the parties, parol evidence as between the parties may be admissible if it is not in direct contradiction with the terms of the note.

Unlike *Borden*, the instant case does not involve a promissory note, and the more liberal rules generally followed in promissory note cases are not applicable. We decline to allow parol evidence to explain the parties' intent in the instant case where the contract is in clear and unambiguous terms, and defendant has not alleged fraud or mistake.

[2] Defendants' second argument is that parol evidence should be admissible to prove that the 1981 Agreement, which is absolute on its face, was executed and delivered conditionally. Defendants alleged, in their answer:

The 1981 Agreement was executed by Defendants and delivered by them to Plaintiff upon the express condition, which was communicated to Plaintiff on several occasions, that said Agreement would be valid and effective only if Plaintiff entered into a binding and enforceable agreement to forgive any monies which Defendants might become obligated to pay under the 1981 Agreement, or to reimburse Defendants for all amounts so paid.

Defendants rely on *Jefferson Standard Life v. Morehead*, 209 N.C. 174, 183 S.E. 606 (1936), to support their contention that parol evidence can be used to prove the conditional nature of a contract. In *Jefferson*, a loan from plaintiff was secured by deed of trust on real estate, and there was an understanding that the promissory note would not be delivered until twenty-five members of a fraternity had endorsed the note. The note was delivered even though it was endorsed by only seven people. The trial court directed verdict for plaintiff on the theory that defendants' testimony was inadmissible under the parol evidence rule. Our Supreme Court disagreed, observing that one of the many "seeming exceptions" to the parol evidence rule was that parol testimony may be introduced to vary, modify, or contradict the terms of a written instrument by showing a conditional delivery of the instrument.

Defendants argue that even though *Jefferson* involves a promissory note, the principle applied therein should be applied to the instant case.

Defendants are correct that our Supreme Court has also allowed parol evidence to show a written contract, purporting to be a definite contract, was not to be operational until the happening of some contingent event. *See Bowser v. Tarry*, 156 N.C. 35, 72 S.E. 74 (1911). In *Bowser*, defendant signed a contract with plaintiff to buy a gasoline storage tank for $140. Plaintiff delivered the tank, but defendant refused to pay. Defendant testified on cross-examination that when he entered into the contract, plaintiff had agreed that the contract would be conditional upon the town giving defendant permission to bury the tank; plaintiff had delivered the tank one month early; the street commissioner had refused defendant's request to store the tank underground; and defendant had sent the tank back to plaintiff. Plaintiff objected, the trial

judge sustained the objection and excluded the evidence. Our Supreme Court disagreed with the trial judge's ruling and ordered a new trial. The Court recited the parol evidence rule and then explained this exception:

> [I]t is also fully understood that although a written instrument purporting to be a definite contract has been signed and delivered, it may be shown by parol evidence that such delivery was on condition that the same was not to be operative as a contract until the happening of some contingent event, and this on the idea, not that a written contract could be contradicted or varied by parol, but that until the specified event occurred the instrument did not become a binding agreement between the parties. It never in fact became their contract.

*Bowser v. Tarry*, 156 N.C. at 38, 72 S.E. at 76.

In the instant case, however, defendants have not produced a forecast of evidence to support their contention that the 1981 Agreement was conditional. Defendants' only affidavit in opposition to plaintiff's motion is that of defendant Lenna H. Edwards who stated that she executed and delivered the 1981 Agreement only upon the following express condition:

> [T]hat it would not bind me or any of the other individuals who signed the Agreement to make any payments thereunder to the Town of West Jefferson which would not be reimbursed to us by the Town, either pursuant to a prior agreement dated December 6, 1979, a copy of which is attached to the Answer as Exhibit 1, or otherwise.

In short, Edwards understood that defendants would be reimbursed by plaintiff after defendants had paid plaintiff pursuant to the 1981 Agreement. Reimbursement after payment would not be a contingent event as contemplated by *Bowser*. Operation of the 1981 Agreement was not, therefore, conditioned upon the happening of some contingent event subsequent to the signing of the contract. Defendants' evidence does not bring this case within the exception to the parol evidence rule for conditional delivery of a contract.

Defendants' third argument is that the 1981 Agreement is unenforceable due to lack of consideration. We do not agree.

Before 30 September 1981 neither plaintiff not defendant had installed water or sewer lines. The 1981 Agreement provided that plaintiff would spend $333,350 to install water and sewer lines on the property, which was not within the city limits, and defendants would pay plaintiff $6,400 for each acre developed and sold. Defendants contend there was no consideration because plaintiff had already promised, in the 1979 Agreement, to attempt to install the water and sewer lines by 31 December 1980. Any obligation on the part of plaintiff under the 1979 Agreement to attempt to install the water and sewer lines ended on 31 December 1980 almost nine months before the 1981 Agreement was executed. Plaintiff's promise, in the 1981 Agreement, to install water and sewer lines was valid consideration for defendants' promise to pay $6,400 per acre developed and sold.

[3] In their last argument defendants contend the 1981 Agreement is unenforceable and void because it is *ultra vires*. We do not agree. A municipal corporation is under no duty to furnish water or sewer service to persons outside the city limits, but has the discretionary power to do so. *City of Randleman v. Hinshaw*, 2 N.C. App. 381, 163 S.E. 2d 95 (1968). Before the 1981 Agreement, defendants' property was outside the city limits, and plaintiff was under no obligation to provide water and sewer services to defendants' property. The authority of cities to execute powers conferred upon them by law shall be broadly construed. G.S. 160A-4. A city may fix the terms upon which water and sewer service is rendered outside the city limits. *Atlantic Construction Co. v. City of Raleigh*, 230 N.C. 365, 53 S.E. 2d 165 (1949). Plaintiff had the authority to enter into the 1981 Agreement and complied with the terms by subsequently annexing defendants' property and providing water and sewer services.

Plaintiff's forecast of evidence shows a clear, unambiguous contract and no triable issues of fact; defendants have failed to raise the existence of any genuine issue of material fact or a defense precluding plaintiff's recovery as a matter of law. The trial court's entry of summary judgment for plaintiff is

Affirmed.

Judges ARNOLD and EAGLES concur.