## IN RE FORECLOSURE OF GREENLEAF CORP.

### [99 N.C. App. 489 (1990)]

IN THE MATTER OF THE FORECLOSURE OF THE DEED OF TRUST AND SECURITY AGREE-
MENT/FINANCING STATEMENT EXECUTED BY GREENLEAF CORP., A TEXAS COR-
PORATION, DATED OCTOBER 9, 1985 AND RECORDED IN BOOK 3465, PAGE 1700,
GUILFORD CO. REGISTRY, SAID LAND BEING KNOWN AS PROPERTY ON WEST FRIEND-
LY AVE., CONTAINING APPROXIMATELY 19.243 ACRES, MORE COMMONLY REFERRED
TO AS FRIENDLY AVENUE APARTMENTS AS SHOWN IN PLAT BOOK 79, PAGE 40,
GUILFORD COUNTY REGISTRY, UNDER FORECLOSURE BY OLIVER W. ALPHIN,
SUBSTITUTE, TRUSTEE

---

YATES CONSTRUCTION COMPANY, INC., PETITIONER v. GREENLEAF CORP.;
OLIVER W. ALPHIN, SUBSTITUTE TRUSTEE; CHAMPION SAVINGS
ASSOCIATION (SUCCESSOR TO FIRST SAVINGS ASSOCIATION OF ORANGE);
GEORGE BANK; C & D CONCRETE CONTRACTORS; PROJECT LIGHTING,
INC.; WSI DRYWALL COMPANY; EDWARD L. COUNCIL, JR.,
RESPONDENTS

---

YATES CONSTRUCTION COMPANY, INC., PLAINTIFF v. GREENLEAF CORP.;
OLIVER W. ALPHIN, SUBSTITUTE TRUSTEE; CHAMPION SAVINGS
ASSOCIATION (SUCCESSOR TO FIRST SAVINGS ASSOCIATION OF ORANGE);
GEORGE BANK; C & D CONCRETE CONTRACTORS; PROJECT LIGHTING,
INC.; WSI DRYWALL COMPANY; EDWARD L. COUNCIL, JR., DEFEND-
ANTS, AND HEIGHTS OF TEXAS, F.S.B., INTERVENOR DEFENDANT

### No. 8918SC852

### (Filed 17 July 1990)

**Mortgages and Deeds of Trust § 7 (NCI3d) — commercial mortgage
— future advances — no written instrument**

Summary judgment was properly granted for intervenor
Heights of Texas F.S.B. in an action involving the surplus
proceeds from a foreclosure where Greenleaf Corp. had re-
ceived a loan from the predecessor of Champion Savings Associa-
tion (the assets of which were later acquired by Heights) for
the purpose of constructing an apartment complex; the loan
was secured by a promissory note and deed of trust to cover
an initial disbursement and certain additional disbursements;
Greenleaf entered into a contract with plaintiff Yates Con-
struction Company for certain goods and services but later
allegedly refused to tender payment; Yates commenced a civil
action to recover the indebtedness and caused an attachment
lien to be filed on the project; the substitute trustee under
the deed of trust instituted a foreclosure action for Greenleaf's
alleged failure to make timely payments in compliance with
the terms of the loan agreement; a foreclosure was conducted

IN RE FORECLOSURE OF GREENLEAF CORP.

[99 N.C. App. 489 (1990)]

at which the project was purchased by Champion and another savings and loan association for $8,300,000 with Champion later acquiring total interest in the property; Yates filed a claim and a special proceeding petition for the surplus proceeds which it claimed resulted from that foreclosure on the theory that only the first $1,589,655.98 was secured by the deed of trust on the project because the subsequent advances were not made in compliance with the specific terms of the agreement; plaintiff filed another action seeking a declaratory judgment to determine the priority of its lien under the deed of trust; plaintiff's actions were consolidated and both plaintiff and Heights, which had been admitted to the action as an intervenor, filed motions for summary judgment; and plaintiff's motion was denied and Heights' motion was granted. There was no genuine question of material fact regarding the terms of the parties' agreement and the purpose of the 1985 amendment to N.C.G.S. § 45-68 was to require a written instrument or notation for future obligations only when the parties agreed to require it. The parties' agreement to require other documents is not relevant.

**Am Jur 2d, Mortgages §§ 114, 137-140, 156, 352.**

APPEAL by plaintiff from judgment entered 9 March 1989 by *Judge Judson D. DeRamus* in GUILFORD County Superior Court. Heard in the Court of Appeals 6 March 1990.

*Tuggle Duggins Meschan & Elrod, P.A., by David F. Meschan, for petitioner-appellant Yates Construction Company, Inc.*

*Osteen & Adams, by J. Patrick Adams; Honigman Miller Schwartz and Cohn, by Peter M. Alter and Antionette R. Raheem, for respondent-appellee Heights of Texas F.S.B.*

JOHNSON, Judge.

This is an appeal by plaintiff of the grant of a motion of summary judgment in favor of Heights of Texas F.S.B. (Heights), a corporation which acquired the assets of Champion Savings Association through Champion's receiver.

On or about 9 October 1985, The Greenleaf Corporation (Greenleaf), a construction company, received a loan from First Savings Association of Orange which later became Champion Sav-

ings Association (Champion). The loan was made for the purpose of constructing the St. Croix apartment complex in Greensboro, North Carolina (the project).

This loan was secured by a promissory note and a deed of trust on the project which was executed by Greenleaf in favor of Champion. According to the plaintiff, the deed of trust was to cover the initial disbursement loan in the amount of $1,589,655.98, and certain additional disbursements made in compliance with the terms of the parties' contract.

During the course of the construction, Greenleaf entered into a contract with plaintiff Yates Construction Company, Incorporated (Yates) for plaintiff to provide certain goods and services. When Yates completed its work Greenleaf allegedly refused to tender payment. On 17 August 1987 plaintiff commenced a civil action to recover the amount of indebtedness it was owed by Greenleaf. Thereafter, on or about 6 August 1987, plaintiff caused an attachment lien to be filed on the project pursuant to G.S. § 1-440.3.

After eighteen advancements had been made to Greenleaf by Champion, the substitute trustee under the deed of trust instituted a foreclosure action for Greenleaf's alleged failure to make timely payments in compliance with the terms of the loan agreement. On 26 January 1988, a foreclosure was conducted at which time the project was purchased by Champion and another savings and loan association for $8,300,000.00. Champion later acquired total interest in the foreclosed property.

On 5 February 1988 and 8 February 1988, plaintiff filed a claim and a special proceeding petition for the surplus proceeds which it claimed resulted from that foreclosure. The essence of this claim is that only the first $1,589,655.98 was secured by the deed of trust on the project because the subsequent advances were not made in compliance with the specific terms of the agreement.

Both Champion and the substitute trustee filed motions to dismiss plaintiff's claims. These motions were each denied by order entered 26 May 1988. Thereafter, plaintiff filed another action seeking a declaratory judgment to determine the priority of its lien under the deed of trust.

On 4 January 1989, plaintiff's petition for a special proceeding, its request for a declaratory judgment and the foreclosure action were all consolidated. On 17 January 1989, plaintiff filed a motion

IN RE FORECLOSURE OF GREENLEAF CORP.

[99 N.C. App. 489 (1990)]

for summary judgment in the consolidated case. On 9 February 1989 Heights, which had been admitted to this action as an intervenor, also filed a motion for summary judgment. By order entered 9 March 1989 plaintiff's motion was denied and Heights' motion was granted. After plaintiff's motion for relief under G.S. § 1A-1, Rule 60 was denied, plaintiff entered this appeal.

Based upon the record before us we have determined that the single question which we must address is whether the trial court erred in granting Heights' motion for summary judgment. Under the often stated summary judgment rule, when the pleadings, interrogatory answers, affidavits or other materials do not contain a genuine question of material fact for the court, and at least one party is entitled a judgment in its favor, the motion for summary judgment should be granted. G.S. § 1A-1, Rule 56(c) (1983).

Plaintiff's argument is two-fold. First, it contends that G.S. § 45-68 (as amended, effective 24 June 1985) requires that when an obligor and an obligee agree to require any written notation regarding future advances, each future advance must be accompanied by a written instrument or notation which states that the advance will be secured by such instrument. Plaintiff argues that Greenleaf and Champion did not make the statutorily required notations when the advances were made; consequently, the sums advanced after the initial $1,500,000.00 do not have priority over its lien against the project. Irrespective of the statutory requirements, plaintiff also contends that Greenleaf and Champion failed to follow the terms of their own agreement which plaintiff argues called for future advances to be accompanied by writings or other notations which stated that they were secured by the original deed of trust. Plaintiff bases this argument on a sentence stating the requirement in an opinion letter written by the borrower's legal counsel. Therefore, plaintiff contends that its lien for $175,000.00 plus interest should be satisfied out of the proceeds of the foreclosure sale after the initial $1,500,000.00 is repaid to Champion since Champion does not have a legal entitlement to the entire $8,300,000.00 which resulted from the foreclosure.

Heights contends that there is no genuine issue of material fact regarding the meaning and requirements of amended G.S. § 45-68. It claims that this statute requires a notation signed by the obligor, evidencing the debtor's obligation and stipulating that the future advance is secured by the deed of trust only when

IN RE FORECLOSURE OF GREENLEAF CORP.

[99 N.C. App. 489 (1990)]

the parties agree in writing to impose such requirements. Here, there was no such agreement. In the absence of a clause in an agreement calling for the notation, or a statute imposing this requirement, Heights argues that the future advances must be given the priority which the parties agreed it would be given.

Turning first to the loan instruments, the promissory note states that Greenleaf promised to pay back to Champion (now Heights) $8,300,000.00 or so much thereof as may have been advanced along with interest. Such promise was secured by a deed of trust on the project under part four of the note. The relevant terms of the deed of trust state that it secures the indebtedness evidenced by the promissory note; that such note was for the "present and future obligations of Borrower to Lend . . ."; that such future advances were obligatory as that word is defined in "Section 45-70(a)"; that the present amount secured by the deed of trust was $1,589,655.98; and that the total principal amount secured by the deed is $8,300,000.00.

The actual loan agreement executed by the parties states in "Article IV" that the borrower had or would thereafter furnish certain "loan documents" to the lender. One of the items requested to be furnished was a "[l]egal opinion . . . of [b]orrower's and each [g]uarantor's counsel . . . affirmatively opining as to the enforceability of this [a]greement, [and] the [l]oan [d]ocuments listed above." The opinion letter which was furnished stated as an assumption that "[f]uture advances under the Loan may not be secured by the Deed of Trust unless a written instrument or notation is signed by the Borrower at the time of each advance stipulating that such advance is secured by the Deed of Trust."

Based upon the foregoing we find that there was no genuine question of material fact regarding the terms of the parties' agreement. Neither the promissory note nor the deed of trust affirmatively states that the parties contracted to require a writing or notation to accompany each advance in order for such disbursements to be given priority over subsequent liens. When the terms of a contract are clear and unambiguous, as the ones before us, there is no need to resort to extrinsic documents to construe the terms of that contract. *Salvation Army v. Welfare*, 63 N.C. App. 156, 303 S.E.2d 658 (1983). Furthermore, the issue of whether the opinion letter is properly considered part of the "loan documents" is not a genuine question of "material" fact as that term is defined. A

material fact is said to be one which may constitute a legal defense or may affect the result of the action, or whose resolution is essential to the party against whom it is resolved. *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E.2d 823 (1971). Here even if the opinion letter becomes a part of the "loan documents," this letter merely states an assumption and not a term which can be imposed upon Greenleaf and Champion. Therefore, it is unnecessary to determine whether the opinion is a part of the contract. Such does not preclude the entry of summary judgment in this instance.

We now examine the statute on which plaintiff relies, G.S. § 45-68 (1989 Cum. Supp.), which sets out the requirements for instruments purporting to secure future obligations. That provision states, in pertinent part, the following:

> A security instrument, otherwise valid, shall secure future obligations which may from time to time be incurred thereunder so as to give priority thereto as provided in G.S. 45-70, if:
>
> . . . .
>
> obligation is evidenced by a *written instrument or notation*, signed by the obligor and stipulating that such obligation is secured by such security instrument; provided, however, that this subsection shall apply only if the obligor and obligee have contracted in writing that each future obligation shall be evidenced by a *written instrument or notation*; . . .

G.S. § 45-68 (1989 Cum. Supp.) (emphasis added).

Plaintiff's argument is that pursuant to this statute the parties' agreement to require *any* instrument or notation for future advances should trigger the provision that each future obligation be evidenced by "a written instrument or notation, signed by the obligor and stipulating that such obligation is secured by such instrument." Plaintiff points to the fact that the construction loan agreement entered into by Greenleaf and Champion required the borrower to provide certain documents, such as an AIA Document 702 and various supporting information including certain waivers and certificates. We do not believe that the requirement of supplying this information is the type of written agreement contemplated by the legislature as requiring the written instrument or notation described by the statute. We think that the more reasonable interpretation, and the one supported by legislative history, is that the requirement of subsection (2) comes into play when the parties

to an agreement actually agree in writing that future advances must be evidenced by a writing signed by the obligor and stating that the obligation is secured by a certain security instrument.

Prior to being amended in 1985, G.S. § 45-68 required in subsection (2) that *all* future obligations be evidenced by a written instrument or notation signed by the obligor and stipulating that the obligation is secured by a particular security instrument. This was required by the statute regardless of any agreement by the parties to do so. The purpose of the 1985 amendment was to require the written instrument or notation for future obligations *only* when the parties agreed to require it. The parties' agreement to require other documents is not relevant to the inquiry.

"While the cardinal principle of statutory construction is that the words of the statute must be given the meaning which will carry out the intent of the Legislature, that intent must be found from the language of the act, its legislative history and the circumstances surrounding its adoption which throw light upon the evil sought to be remedied." *Milk Commission v. Food Stores*, 270 N.C. 323, 332, 154 S.E.2d 548, 555 (1967). We find our interpretation of subsection (2) as amended in accord with that given it by Mr. Terrence D. Sullivan, Legislative Committee Counsel, in his 29 May 1985 memorandum to the House Committee on Banks and Thrift Institutions. In reference to the proposed amendment of subsection (2), Mr. Sullivan wrote that "[t]his section would provide that this requirement [for a written instrument or notation] applies only if the parties have contracted in writing that each future obligation *will be so evidenced*." (Emphasis added.)

Given our understanding of G.S. § 45-68, we conclude that Greenleaf's entire debt to Heights, including future advances, was secured by the deed of trust and superior to any claims of Yates. The trial court properly granted summary judgment in favor of Heights.

Affirmed.

Judge ORR concurs.

Judge ARNOLD concurs in the result.